FRANK T. LANE vs. MARCUS P. SMITH ET AL.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The right to cultivate oysters in tide-water flats designated by the local authorities, is subservient to the right of public navigation. Accordingly, the excavation of a harbor channel, duly authorized, across such flats, in order to improve navigation, does not constitute a taking of the property of an adjoining upland proprietor, nor, if made in a reasonable and proper manner, give him any right of action for damage to his oyster bed caused thereby.

Argued June 10th—decided July 26th, 1898.

ACTION in the nature of trespass *quare clausum fregit* for an injury to the plaintiff's oyster grounds in New Haven harbor, brought to the Superior Court in New Haven County where the plaintiff's demurrer to the defendants' answer was sustained by the court, *Prentice, J.*, and thereafter the case

was tried to the jury upon a general denial before *George W. Wheeler*, *J.*; verdict and judgment for the plaintiff, and appeal by the defendants for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*William H. Ely* and *Howard C. Webb*, for the appellants (defendants).

*Henry Stoddard* and *Roger S. Baldwin*, for the appellee, (plaintiff).

TORRANCE, J. This case arises out of the facts set forth in the record of the case of *Lane* v. *Board of Harbor Commissioners for New Haven Harbor*, 70 Conn. 685, recently before this court, with reference to the digging of a channel over certain tide-water flats in New Haven harbor. In that case the present plaintiff sought to have the order of said commissioners, which limited his right to wharf out and confined it to the inshore line of said channel, modified or set aside ; in this case he sues the parties who were concerned in the actual digging of the channel, for the damages which he claims were caused to him by their acts.

The complaint contains three counts. The first alleges, in substance, these facts : that the plaintiff is the owner and in possession of a certain described portion of the tide-water flats in the harbor, in front of his upland, between high-water mark and the established harbor line, and that this territory has been duly designated to him, under the laws of this State, for the cultivation of oysters and clams ; that he had, at large expense, prior to the acts complained of, improved and prepared said ground and made it fit for the cultivation and raising of oysters and clams, and had placed a large quantity of valuable oysters thereon which were upon said ground when the acts complained were done, and was engaged in the cultivation of oysters and clams thereon ; that the defendants unlawfully entered upon said premises and with a steam dredging machine dug, excavated and tore up said premises,

Lane *v.* Smith et al.

and thereby greatly injured them and the plaintiff's property thereon, and the plaintiff's business.

The second count alleges that while digging and excavating on said premises the defendants took away and converted to their own use large quantities of the material which had been placed upon said premises by the plaintiff and his grantors for the purpose of making said premises fit for the cultivation of oysters, and also large quantities of the oysters and clams then being and growing upon said premises.

The third count alleges that the defendants did the acts complained of without notice to the plaintiff, without giving him an opportunity to preserve and protect his property, and that said acts were done negligently and with intent to injure the plaintiff and his property.

In their answers the defendants denied that they had taken away or converted to their own use any of the property of the plaintiff, as alleged; they denied the allegations of the third count, the substance of which is above stated; and they then, in substance, set up in justification of their entry and the digging of the channel, the facts with reference to this matter, set forth in the finding in the case of *Lane* v. *Board of Harbor Commissioners for New Haven Harbor*, hereinbefore referred to, and to which case, for a detailed statement of said facts, it is sufficient, for the purposes of this case, to refer, without setting them out here in full.

In substance and briefly stated, the facts set up in the answers were these: A portion of the natural channel in this part of the harbor was shallow, narrow and very crooked in 1896, and had been so for a long time, and was inadequate to the requirements of public navigation. The channel in question here was dug by the defendants for the purpose of straightening and improving this portion of the old channel; it was in fact merely a straightening and improvement of the same, and its completion has greatly improved the navigability of the waters here. It was dug with the approval of the secretary of war and of the board of harbor commissioners, under written permits for that purpose issued by them, and the work was performed, in effect, under their supervision.

These facts were stated in detail, substantially in the same manner as they are stated in the record of the former case of *Lane* v. *Board of Harbor Commissioners*.

To these answers the plaintiff demurred, mainly on the ground that the digging of the channel at all constituted a taking of his property and an invasion of his rights in these tide-water flats, and the answers did not show that the property so taken had been taken by any proper condemnation proceedings, nor that any compensation for such taking had been made to the plaintiff therefor or had been provided for at all; and therefore failed to show any justification for the entry upon said premises and the digging of said channel.

Other causes of demurrer were assigned, such as want of notice to the plaintiff that the permits for the digging of the channel were about to be issued; want of opportunity to him to be heard before they were issued; and the fact that the permit from the harbor commissioners was not issued at a meeting of the board; but they all grow out of and depend upon this main ground of demurrer.

If the mere excavation of the channel in a proper and reasonable manner would not constitute a taking of the plaintiff's property, nor any such invasion of his rights as would entitle him to compensation, then he was not entitled to notice, nor to be heard before the issue of the permits, and cannot avail himself in this action of any mere informality in the issue of the permit by the harbor commissioners.

The court sustained the demurrers, and the case was tried to the jury upon the pleadings as they stood after this ruling, and as they thus stood, substantially the only question before the jury, as the court told them, was the amount of damages.

For the reasons stated in the case of *Lane* v. *Board of Harbor Commissioners*, *supra*, which need not here be repeated, we think the facts set up in the answers, if proved, would constitute a defense to the entry complained of, and to the excavation of the channel in a reasonable and proper manner. Of this substantial part of their defense the defendants, by the ruling upon the demurrers, were deprived,

and for this reason alone a new trial must be granted. In view of the law applicable to this part of the defense, as stated in *Lane v. Board of Harbor Commissioners, supra,* we think most, if not all, of the questions raised by the other assignments in this case, will not be likely to arise in case of a retrial, and therefore we deem it unnecessary to consider them.

There is error and a new trial is granted.

In this opinion the other judges concurred, except BALD-WIN, J., who dissented.

BALDWIN, J. (concurring in the judgment, but dissenting from the opinion). The plaintiff sued for an excavation made on a Saturday night and the succeeding Sunday in certain oyster grounds, owned and cultivated by him under a designation made in 1876, by the oyster ground committee of the town of New Haven, alleging also that the defendants took away a large quantity of material and oysters, which had been placed on the designated premises by the owners, and that all had been done without notice to him or giving him any opportunity to preserve and protect his property.

The defendants made answer by what was styled a " Second Defense to all Counts," that their excavation was made to improve navigation by digging a new and necessary channel, under a permit from the acting secretary of war of the United States, and a license from the board of harbor commissioners for New Haven harbor, and that the plaintiff could have prevented the digging, had he desired, but raised no objection. Copies of the permit and license were annexed.

I dissent from the opinion of the court so far as it holds that this answer was sufficient. It admitted, because it did not deny, that the injury to the oyster grounds was done without notice to the plaintiff or opportunity for him to preserve his oysters and hardening material by removal. That a trespass *de bonis asportatis* could have been prevented by force, or was met by no protest, does not justify it. If it be assumed that the defendants acted under lawful authority, they

were, I think, bound so to act as to do no unnecessary injury to the plaintiff. If he had had an oyster-boat or a scow moored in the line of the proposed channel, they would certainly have been bound to remove it or give him a fair opportunity to remove it, before commencing work. He had, it seems to me, an equal right (no special exigency or call for haste being alleged) with respect to his oysters and the hardening material by which his oyster grounds had been improved.

The permit from the acting secretary of war contains a condition that it "shall not authorize any injury to private property, or invasion of private right." The office of assistant secretary of war was created in 1890 (U. S. Stat. at Large, Vol. 26, p. 17), and the incumbent is to "perform such duties in the Department of War as shall be prescribed by the Secretary or may be required by law." The law under which this permit was issued is a section of the appropriation bill of July 13th, 1892 (U. S. Stat. at Large, Vol. 27, p. 110). This provides that "it shall not be lawful (hereafter) . . . to excavate . . . or in any manner to alter . . . the course, location, condition or capacity of any . . . harbor, . . . or of the channel of any navigable water of the United States, unless approved and authorized by the Secretary of War." The Supreme Court of the United States, in considering a prior statute, of which this is an amendment, declined to pass upon the very serious question whether Congress can delegate such powers to the secretary of war. *Lake Shore & Michigan Railway* v. *Ohio*, 165 U. S. 365, 368. See *United States* v. *Keokuk & Hamilton Bridge Co.*, 45 Fed. Rep. 178; *United States* v. *Rider*, 50 id. 406; *United States* v. *Moline*, 82 id. 592. But if such delegation be possible, it does not follow that so high a discretionary power, involving possible interference with public works authorized by State legislation, can be turned over by the secretary of war to the assistant secretary of war, or an "acting secretary of war." If, however, the permit issued by the latter is to be deemed valid, I think it's effect simply was to protect the party making the excavation from any liability under the laws of the

United States. *License Tax Cases*, 5 Wall. 462, 471. His real title to do the work must come from the laws of the State, or from private grant. Nor, by the express terms of the permit, can it avail as a warrant for doing any injury to private property or private right.

That the plaintiff's oysters and hardening material were his property is unquestionable. He held them subject to the paramount right to improve navigation; but that could only be exercised by private individuals in a reasonable manner, whether acting under State or national authority. Granting, therefore, that by the subsequent ratification the license issued by a majority of the harbor commissioners became, by relation, the act of the board from the date of its original issue, and assuming further that the board could thus authorize one to excavate through another's grounds, who was not otherwise entitled, it seems to me that the answer was insufficient in that it contained nothing to excuse the injury to the plaintiff's property which it confesses, and which, as his pleading declared, could have been avoided, had he had reasonable notice and opportunity to preserve it.

In the Superior Court the defendants asked that the jury might be instructed that the burden of proof on the question of the amount of the damages was on the plaintiff. The request was not complied with, and no allusion to the burden of proof upon this point was made in the charge. This was plainly error, and I concur in the judgment of the court, ordering a new trial.