REBECCA PRESTON ET AL. *v.* ANTHONY J. KEITH ET AL. (13919)

SHEA, CALLAHAN, GLASS, HULL and BORDEN, Js.

Argued November 2, 1990—decision released January 1, 1991

*William J. Melley III,* for the appellants (defendants).
*Terence S. Hawkins,* for the appellees (plaintiffs).

CALLAHAN, J. The issue presented in this appeal is whether the trial court properly instructed the jury on the doctrine of mitigation of damages. The named plaintiff, Rebecca Preston, brought this action to recover for personal injuries arising from an automobile accident allegedly caused by the negligence of the named defendant, Anthony J. Keith.[1] Finding that the plaintiff was 50 percent contributorily negligent, the jury returned a verdict for her in the amount of $5593.50. The plaintiff thereafter filed a motion for additur and a motion to set aside the verdict and for a new trial. The trial court denied both of these motions.

The plaintiff appealed to the Appellate Court, claiming that: (1) the trial court should not have given the jury an instruction on the issue of mitigation of damages because the evidence did not support such an instruction; and (2) if the evidence did support giving such an instruction, the instruction given by the trial

---

[1] The plaintiff Richard Preston, the husband of the named plaintiff, brought a claim for loss of consortium. Although the jury found for him on this claim, he was not awarded any damages. An action was also brought against William J. Keith, Sr., the father of the named defendant, under the "family car doctrine." For purposes of this opinion, we will refer to Rebecca Preston and Anthony J. Keith as the plaintiff and the defendant, respectively.

court on that issue was defective. The Appellate Court rejected the plaintiff's first claim of error, but set aside the judgment as to the amount of damages and ordered a new trial on that issue because it concluded that the trial court's charge on mitigation of damages was improper in two respects: (1) the court gave only a general charge on the plaintiff's duty to mitigate damages that did not instruct the jury that the plaintiff's failure to mitigate must be found to have been the proximate cause of a specific portion of her injuries or of the aggravation of her injuries; and (2) the court did not instruct the jury that the defendant bears the burden of proof on the issue of mitigation of damages.[2] *Preston* v. *Keith,* 20 Conn. App. 656, 570 A.2d 214 (1990).

We granted the defendant's petition for certification to appeal, limited to the following two-part question: "In a negligence action in which the evidence raises an issue about the plaintiff's conduct with respect to the duty to mitigate damages: (1) What instructions should the jury receive about the relationship between mitigation of damages and proximate cause? (2) What is the appropriate allocation of the burden of proof on the issue of mitigation of damages?" *Preston* v. *Keith,* 214 Conn. 807, 573 A.2d 320 (1990). We reverse the decision of the Appellate Court on the first part of the question, and affirm its decision on the second part.

The following facts are relevant to this certified appeal. The plaintiff was working as a bus driver on May 15, 1985, when the accident that gave rise to this action occurred. On that date, the plaintiff reinjured her lower back, which she had sprained previously in

---

[2] Because the plaintiff took only a general exception to the instructions on mitigation of damages and did not except specifically to the form of the instruction, the Appellate Court reviewed the plaintiff's claim that the charge was defective under the "plain error" provisions of Practice Book § 4185. *Preston* v. *Keith,* 20 Conn. App. 656, 660–61, 570 A.2d 214 (1990).

an unrelated accident, when the school bus that she was driving was involved in a collision with the defendant's car. The plaintiff's physical therapy program for her back injury included exercises recommended by her therapist. The Appellate Court found that the record "reflects that the jury had before it abundant evidence from which it could have concluded that the plaintiff did not fully follow her therapist's directions." *Preston* v. *Keith,* supra, 20 Conn. App. 659.[3] The trial court instructed the jury on the issue of mitigation of damages, but its charge did not discuss the relationship between proximate cause and mitigation of damages, nor did it state which party bears the burden of proof on this issue.[4]

I

We have long adhered to the rule that "one who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries." *Morro* v. *Brockett,* 109 Conn. 87, 92, 145 A. 659 (1929); *Sette* v. *Dakis,* 133 Conn. 55, 60, 48 A.2d 271 (1946); *Lange* v.

[3] At one point during cross-examination, the plaintiff admitted that she did not follow fully her therapist's recommended exercise regimen, while at another point she indicated that she could not recall specific occasions when she did not follow the exercise program.

[4] The trial court's charge to the jury on the issue of mitigation of damages was as follows: "[The plaintiff] also has a duty to mitigate damages as best she can in order to promote her recovery and prevent any increase of injuries. She must act as a reasonable person would be expected to act. This means she must follow doctors' advice and so on to get the best recovery she can. To the extent that she fails to do that, that means she fails to mitigate damages. If you find that in fact, she did, then you should reduce any award you might give her to such a sum as you think measures the amounts which her damages have been increased by her failure [of] her duty to mitigate damages and do her best to get better. Now, that's if you find that there is any such activity on the part of the defendant."

Although the trial court did instruct the jury generally on the concept of proximate cause, the court did not discuss specifically how proximate cause is related to the issue of mitigation of damages.

*Hoyt,* 114 Conn. 590, 595, 159 A. 575 (1932). It is also settled law that when, as in this case, there "are facts in evidence which indicate that a plaintiff may have failed to promote [her] recovery and do what a reasonably prudent person would be expected to do under the same circumstances, the court, when requested to do so, is obliged to charge on the duty to mitigate damages." *Jancura* v. *Szwed,* 176 Conn. 285, 288, 407 A.2d 961 (1978).

In *Morro* v. *Brockett,* supra, this court discussed the relationship between mitigation of damages and proximate cause. "The burden is on the plaintiff to establish that the injuries for which he seeks damages were the proximate result of the negligence of the defendant, but when a prima facie case had been made out, as in this instance, it becomes incumbent upon the defendant if he seeks to exonerate himself from responsibility for a portion of the consequences to show that some of these had their proximate cause in the failure of the plaintiff to act in good faith in an attempt to promote recovery and avoid aggravation of the initial injury." Id., 93–94. *Morro* established that the theoretical foundation for the plaintiff's duty to mitigate damages[5] is that the defendant's negligence is not the proximate, or legal, cause of any damages that could have been avoided had the plaintiff taken reasonable steps to promote recovery and avoid aggravating the original injury. *Morro* did not address, however,

---

[5] When discussing mitigation of damages, this court traditionally has referred to a plaintiff's *duty* to mitigate damages. See, e.g., *Newington* v. *General Sanitation Service Co.,* 196 Conn. 81, 85–86, 491 A.2d 363 (1985); *Jancura* v. *Szwed,* 176 Conn. 285, 287–88, 407 A.2d 961 (1978). Some authorities prefer the term "doctrine of avoidable consequences" over the phrase "duty to mitigate" because a plaintiff's failure to take reasonable actions to minimize damages does not create an affirmative right of action in anyone, but rather serves as a limitation on the amount of damages recoverable. See, e.g., 4 Restatement (Second), Torts § 918, comment (a); J. Stein, Damages and Recovery: Personal Injury and Death Actions (1972) § 126, pp. 219–20.

whether a jury *must* be instructed specifically on the relationship between mitigation of damages and proximate cause in a case where the evidence is sufficient to warrant a charge on mitigation, and it is to that question that we now turn.

"[T]he test of a court's charge 'is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law.' *Atlantic Richfield Co.* v. *Canaan Oil Co.,* 202 Conn. 234, 240, 520 A.2d 1008 (1987); *Borsoi* v. *Sparico,* 141 Conn. 366, 371, 106 A.2d 170 (1954)." *Holbrook* v. *Casazza,* 204 Conn. 336, 351–52, 528 A.2d 774 (1987), cert. denied, 484 U.S. 1006, 108 S. Ct. 699, 98 L. Ed. 2d 651 (1988). "Jury instructions need 'not be exhaustive, perfect or technically accurate,' so long as they are 'correct in law, adapted to the issues and sufficient for the guidance of the jury.' *Castaldo* v. *D'Eramo,* 140 Conn. 88, 94, 98 A.2d 664 (1953) . . . ." *State* v. *Mason,* 186 Conn. 574, 585, 442 A.2d 1335 (1982). Applying these standards to the trial court's instruction on mitigation of damages, we conclude that the court's charge was proper.

Our conclusion is supported by those authorities that have recognized that instructing a jury on the relationship between mitigation of damages and proximate cause could promote needless confusion. See *Beatty* v. *Davis,* 224 Neb. 663, 669, 400 N.W.2d 850 (1987), citing J. Stein, Damages and Recovery: Personal Injury and Death Actions (1972) § 126, p. 220; see also 22 Am. Jur. 2d, Damages § 496. "The assertion that the negligence or other tort of the defendant is not the 'proximate' cause of the damages which could have been avoided can be accepted as theoretically valid since proximate cause really means that cause which is recognized by the law as the cause of the damages. Stated

in such terms, the concept has the doubtful virtue of imprecision. If a jury is instructed, for example, that if the defendant's negligent activity caused the plaintiff's broken leg and caused some pain; but that much of the pain could have been avoided had the plaintiff consulted a doctor; and that the jury must compensate the plaintiff for that pain which, in natural and continuous sequence, unbroken by any efficient intervening cause, flowed from the act of the defendant; it is reasonable to assume that the jury is going to be confused. It is much more precise and clear to state that the plaintiff could have avoided some of the pain by going to a doctor and that, as a matter of policy, he cannot recover for the pain which could have been avoided." J. Stein, supra, § 126, p. 220.

Our conclusion that a jury need not specifically be instructed on the relationship between proximate cause and mitigation of damages does not, as the plaintiff suggests, mean that we are overruling *Morro* v. *Brockett,* supra,[6] or that we are discarding settled principles of the doctrine of mitigation. Nor do we hold that it would be error to instruct the jury on the relationship between

---

[6] The theoretical view that proximate cause is the basis for a plaintiff's duty to mitigate damages is generally reflected in the earlier treatises on damages. *Munn* v. *Southern Health Plan, Inc.,* 719 F. Sup. 525, 531–32 n.3 (N.D. Miss. 1989), citing W. Hale, Damages (2d Ed. Cooley 1912) p. 91; T. Sedgwick, Elements of the Law of Damages (3d Ed. 1909) p. 73. This view has been criticized by more recent commentators and was rejected by the drafters of the Second Restatement of Torts. 4 Restatement (Second), Torts § 918, comment (a) (in cases where the plaintiff fails to mitigate, the tortfeasor's conduct is still the legal, or proximate, cause of the harm); J. Stein, Damages and Recovery: Personal Injury and Death Actions (1972) § 126, p. 220 (suggesting that the doctrine of avoidable consequences is based on the public policy that a plaintiff should not be able to recover for pain or injury which could have been avoided).

Because we conclude that a charge on mitigation of damages does not have to include an instruction on the relationship between mitigation and proximate cause, we do not address whether the underlying theory of mitigation outlined in *Morro* v. *Brockett,* 109 Conn. 87, 93–94, 145 A. 659 (1929), should be abandoned.

proximate cause and mitigation of damages, where this instruction is stated in terms that would not confuse a reasonable juror. It is axiomatic that a charge on mitigation of damages must provide some indication to a jury that it should apply this doctrine only if a plaintiff's alleged failure to mitigate is found to have caused the aggravation of the injury. We conclude that the trial court's instruction in this case that "you should reduce any award you might give her to such a sum as you think measures the amounts which her damages have been increased by her failure . . . to mitigate damages" sufficiently conveyed this notion of causation.

## II

A second reason relied upon by the Appellate Court in determining that the trial court's charge was defective was that the charge did not include any discussion of the burden of proof on the issue of mitigation of damages.[7] *Preston* v. *Keith,* supra, 20 Conn. App. 663. The Appellate Court concluded that in a negligence case the defendant bears the burden of proof, i.e., the burden of persuasion, on the issue of mitigation of damages and that the jury should have been so instructed. Id., 663–64. The defendant argues that a defendant in a negligence action bears the burden of production

---

[7] In its preliminary charge to the jury, the trial court stated that the "[p]laintiff has the burden of proof in the case. The defendant does not have to disprove the plaintiff's case. It's up to the plaintiff to prove it." The court added that "[o]nly if you find the defendant was negligent do you then consider the special defense. And that's the one thing that the defendant has the burden of proving. Since the defendant claims the plaintiff was negligent, he has to prove that." The trial court's final charge to the jury included these same instructions concerning the burden of proof.

The only special defense asserted by the defendant was his claim that the plaintiff was contributorily negligent in causing the accident. Therefore, it is reasonable to assume that either the jury was unsure as to who bore the burden of proof on the issue of mitigation or that it concluded that the plaintiff bore the burden of proof on this issue.

but not the burden of persuasion on mitigation.[8] We affirm the decision of the Appellate Court on this issue.

As a general rule, the burden of proving damages lies with the plaintiff. *Milgrim* v. *Deluca,* 195 Conn. 191, 199, 487 A.2d 522 (1985); *Miner* v. *McKay,* 145 Conn. 622, 624, 145 A.2d 758 (1958). "Damages are an essential element of a plaintiff's proof and must be proved with reasonable certainty." *Simone Corporation* v. *Connecticut Light & Power Co.,* 187 Conn. 487, 495, 446 A.2d 1071 (1982); *Bianco* v. *Floatex, Inc.,* 145 Conn. 523, 525, 144 A.2d 310 (1958). The plaintiff must also prove that the defendant's alleged negligence was the proximate cause of his or her damages. *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 372, 441 A.2d 620 (1982). These general principles, however, do not address the question of who bears the burden of proof on the issue of mitigation of damages in a negligence case.

Although this court has never addressed this precise question,[9] a review of the relevant authorities reveals

[8] A more precise phrase for the "burden of proof" is the "burden of persuasion" or the "risk of nonpersuasion." G. Lilly, An Introduction to the Law of Evidence (1978) § 15, p. 41. The burden of persuasion must be distinguished from the burden of producing evidence. "[T]he plaintiff begins this process of proof by producing evidence to support each element. This burden of coming forward with the evidence needed to avoid an adverse resolution by the judge is called the *burden of producing evidence* (or 'burden of production'). It is a responsibility distinct from the burden of persuasion—the *ultimate* burden of *convincing* the factfinder of the existence of the essential elements of a claim or defense. However, by meeting the immediate responsibility imposed by the burden of production, the plaintiff avoids a directed verdict . . . ." (Emphasis in original.) Id., p. 44.

In a case such as the present one where the elements of a claim must be proved by a preponderance of the evidence, the allocation of the burden of proof determines which party prevails on an issue only in the relatively rare case where the factfinder concludes that the evidence on that issue is in equipoise. Id., p. 47.

[9] We have held that the defendant bears the burden of proving a plaintiff's failure to mitigate damages in an action for breach of contract. *Newing-*

that "[t]he burden of proving that the injured party could have avoided some or all of his or her damages universally rests on the party accused of the tortious act." 2 M. Minzer, Damages in Tort Actions (1989) § 16.11, p. 16-18; see, e.g., *Jones* v. *Consolidated Rail Corporation,* 800 F.2d 590, 593 (6th Cir. 1986) (applying federal law); *Harris Construction Co.* v. *Powers,* 262 Ark. 96, 105, 554 S.W.2d 332 (1977); *Slater* v. *Chicago Transit Authority,* 5 Ill. App. 2d 181, 185, 125 N.E.2d 289 (1955); *Michaud* v. *Steckino,* 390 A.2d 524, 531 (Me. 1978); *Williams* v. *Masters, Mates & Pilots of America, Local No. 2,* 384 Pa. 413, 422, 120 A.2d 896 (1956); F. Harper, F. James & O. Gray, Torts (2d Ed.) § 20.3, p. 127; C. McCormick, Handbook on the Law of Damages (1935) § 34, p. 130; J. Stein, supra, § 130, p. 226. The rule placing the burden of proof on the issue of mitigation of damages upon the defend-

---

ton v. *General Sanitation Service Co.,* 196 Conn. 81, 86, 491 A.2d 363 (1985); *Carter* v. *Bartek,* 142 Conn. 448, 451–52, 114 A.2d 923 (1955); accord 5 A. Corbin, Contracts (1964) § 1039.

In *Wassell* v. *Hamblin,* 196 Conn. 463, 467, 493 A.2d 870 (1985), the defendant pleaded as a special defense that some or all of the plaintiffs' injuries were caused by their failure to wear seat belts. The defendant invoked this defense as a ground for mitigation of damages rather than as a defense to liability. Id.; see generally J. Stein, Damages and Recovery: Personal Injury and Death Actions (1972) § 127, pp. 220–23 (discussing the distinction between contributory negligence and failure to mitigate in cases involving the nonuse of seat belts). Although we concluded that there was insufficient evidence to warrant submitting the mitigation issue to the jury, we noted that, under the circumstances of the case, the defendant had the burden of proving what portion of the damages were proximately caused by the plaintiffs' failure to wear seat belts. *Wassell* v. *Hamblin,* supra, 469–71. Because the defendant in the present case has not pleaded mitigation of damages as a special defense, *Wassell* does not control this case.

In *Amellin* v. *Leone,* 114 Conn. 478, 481, 159 A. 293 (1932), we stated that the defendant bears the burden of establishing mitigation of damages in an action for alienation of affection. This statement, however, related to the defendant's claim that the plaintiff and his wife were estranged at the time of the tortious act, as opposed to a claim that the plaintiff failed to mitigate his damages after the tortious act. Id., 479–80.

ant applies to actions for personal injuries or property damage arising out of tortious activity and to actions for breach of contract.[10] J. Stein, supra. The defendant is unable to cite any authority, and our research has revealed none, to support his claim that in a negligence action the defendant bears the burden of production, but not the burden of persuasion, on the issue of mitigation of damages.

The rationale for this rule is well established. A defendant claiming that the plaintiff has failed to mitigate damages " 'seeks to be benefited by a particular matter of fact, and he should, therefore, prove the matter alleged by him. The rule requires him to prove an affirmative fact, whereas the opposite rule would call upon the plaintiff to prove a negative, and therefore the proof should come from the defendant. He is the wrongdoer, and presumptions between him and the person wronged should be made in favor of the latter. For this reason, therefore, the onus must in all such cases be upon the defendant.' " 1 T. Sedgwick, Damages (9th Ed. 1912) § 227, p. 448.

To claim successfully that the plaintiff failed to mitigate damages, the defendant "must show that the injured party failed to take reasonable action to lessen the damages; that the damages were in fact enhanced by such failure; and that the damages which could have been avoided can be measured with reasonable certainty." 2 M. Minzer, supra, § 16.10, p. 16-18.

The defendant argues that placing the burden of persuasion on the issue of mitigation upon the defendant

---

[10] Only in certain limited circumstances in cases involving breach of contract have courts placed the burden of proof on the issue of mitigation on the plaintiff. See, e.g., *Nello L. Teer Co.* v. *Hollywood Golf Estates, Inc.*, 324 F.2d 669, 672 (5th Cir. 1963), cert. denied, 377 U.S. 909, 84 S. Ct. 1169, 12 L. Ed. 2d 178 (1964) (breach of contract after partial performance); see generally 25A C.J.S., Damages § 144 (e) n.1.50.

in a negligence action will result in a "trial within a trial" by forcing the defendant to call expert witnesses in order to satisfy the burden of persuasion. Although it would certainly seem advisable for a defendant raising a claim that the plaintiff failed to mitigate damages to present his own witnesses on this issue; see 2 M. Minzer, supra, § 16.11, p. 16-20; we do not believe that a defendant could never satisfy his burden of persuasion solely through the cross-examination of the plaintiff and the plaintiff's witnesses. Furthermore, requiring the defendant to prove that a plaintiff has failed to mitigate damages places no greater a burden on the judicial system than does General Statutes § 52-114,[11] which requires a defendant pleading contributory negligence to bear the burden of persuasion on this issue.

The judgment of the Appellate Court is reversed in part and affirmed in part,[12] and the case is remanded to that court with direction to remand the case to the

[11] General Statutes § 52-114 provides in pertinent part: "If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

[12] The Appellate Court ruled that the trial court's failure to instruct the jury on which party bore the burden of proof on the issue of mitigation of damages was an independent basis for its conclusion that the charge was defective. *Preston* v. *Keith,* 20 Conn. App. 656, 663, 570 A.2d 214 (1990). This conclusion is consistent with our decision in *Lane* v. *Smith,* 71 Conn. 65, 71, 41 A. 18 (1898), where we held that a new trial was required because the trial court committed plain error when it failed to instruct the jury on which party bore the burden of proof on the amount of damages. The defendant's suggestion that a new trial may not be required because there was no determination of the effect of the defect in the charge on the jury's award is beyond the scope of our grant of certification and need not be reviewed. See Practice Book § 4138. We therefore conclude that a new trial on the amount of damages is still required in this case.

Neither the petition nor the grant of certification included the question of whether limiting the remand to the issue of damages was proper. Therefore, we do not address that issue. See *Fazio* v. *Brown,* 209 Conn. 450, 454–58, 551 A.2d 1227 (1988).

trial court with direction to set aside the judgment only as to the amount of damages awarded and to order a new trial limited to that issue.

In this opinion the other justices concurred.