[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO STRIKE) CT Page 10102
The plaintiff moves to strike the defendant's second special defense regarding the plaintiff's failure to wear a motorcycle helmet.
This action arises out of a motorcycle-automobile collision between the plaintiff's ward, Steven Kuhn, and the defendant Joseph Poggie. The plaintiff in this action is the conservator of the estate of Steven Kuhn, who is alleged to have suffered severe head injuries as a result of the collision between Kuhn's motorcycle and the automobile driven by the defendant, Joseph Poggie. Also named as a defendant in this action was Becon, Incorporated, for whom defendant Poggie is alleged to have been operating his motor vehicle as an agent, servant or employee at the time of the collision.
The defendants filed their substitute answer and special defenses. The second special defense alleges that the plaintiff's ward's injuries were the result of his negligence and failure to mitigate damages by not wearing a protective helmet when he rode his motorcycle.
A motion to strike challenges the "legal sufficiency of any answer. . .or any part of that answer including any special defense contained therein. . ." Practice Book 152(5); Gurliacci v. Mayer,218 Conn. 531, 590 A.2d 914 (1991).
The second special defense alleges that the plaintiff's failure to wear a protective helmet amounts to a failure to mitigate damages. The doctrine of mitigation, however, contemplates a duty on the injured plaintiff's part which arises only after the negligence of the defendant results in the plaintiff's injury. Preston v. Keith, 217 Conn. 12, 15 (1991). Once the plaintiff has established that his injuries were the proximate result of the defendant's negligence, it is "incumbent upon the defendant if he seeks to exonerate himself from responsibility for a portion of the consequences to show that some of these [injuries] had their proximate cause in the failure of the plaintiff to act in good faith in an attempt to promote recovery and avoid aggravation of the initial injury." Preston v. Keith. supra, 16, quoting Morro v. Brockett, 109 Conn. 87, 93-94 (1929). Thus, in this case, the plaintiff's ward's duty to mitigate his damages is a duty to promote recovery from an injury that he already sustained, not a duty to prevent the injury from occurring CT Page 10103 in the first place by wearing a motorcycle helmet.
The second special defense also alleges that the injuries suffered by the plaintiff's ward were the result of his negligence in failing to wear a motorcycle helmet. The failure to wear a motorcycle helmet has been likened to the failure to wear a seat belt. See Bakula v. Bell Helmets, Inc., 3 CSCR 81 (November 24, 1987, J.); Novak v. Anderson, 4 Conn. Law Trib. No. 49, p. 15 (Super.Ct., October 4, 1978, Mignone, J.). "The analogy between protective headgear and seat belt is appropriate." Bakula v. Bell Helmets, Inc., supra, 82.
In Connecticut, General Statutes 14-100a requires automobile operators and passengers to wear safety belts. This statute, however, also explicitly states that "[f]ailure to wear a seat safety belt shall not be considered as contributory negligence nor shall such failure be admissible evidence in any civil action." General Statutes 14-100a(c)(4). Thus, although the legislature created a duty to wear a safety belt, it did not create a duty that would rise to negligence if one failed to wear his seat belt. By making evidence of the failure to wear a safety belt inadmissible, the legislature endorsed a policy that, despite the duty to wear a safety belt, a driver or passenger who was injured (while not wearing a safety belt) through the negligence of another should not have his or her recovery reduced.
In Connecticut, the so-called "Helmet Law" (General Statutes (Rev. to 1975) 14-289e), which required motorcycle operators and passengers to wear a helmet, was repealed effective June 1, 1976. Since that time, there is no duty, statutory or otherwise, for motorcycle operators in Connecticut to take the safety precaution to wear a protective helmet. Thus, since there is not even a duty to wear a motorcycle helmet, as there is to wear a safety belt, it cannot be said that the failure to wear a motorcycle helmet amounts to negligence on the part of the rider.
The motion to strike the defendant's second special defense is granted on the grounds that failure to wear a protective motorcycle helmet is a legally insufficient defense as to negligence or a failure to mitigate damages.
Klaczak, J. CT Page 10104