[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON
MOTION TO SET ASIDE THE VERDICT CT Page 1491
The jury in this case found the plaintiffs damages to be $25,000, awarding $5,000 as economic damages and $20,000 as noneconomic damages. Liability was not contested. As previously stated when this motion was argued, the amount of the verdict is clearly within the parameters of jury discretion and was based upon the evidence at trial. Moreover, it is not materially different from the value assigned by the court at the pre-trial conference. This motion was previously denied except for the claim that the court should have charged the jury that the defendants had the burden of proof on the issue of mitigation of damages. Decision was reserved on that issue so that the court could consider the legal authority for the plaintiff's claim, reviewed in the context of the charge in this case.
The plaintiff relies upon Preston v. Keith, 217 Conn. 12. There the court discussed the relationship between damages being proximately caused by a defendant's negligence and the plaintiff's duty to mitigate damages, and a the burden of proof on the issue of mitigation of damages. There the Supreme Court essentially reached three conclusions: (1) the jury need not specifically be instructed on the relationship between proximate cause and mitigation of damages Id., 18. (2) A charge of mitigation of damages must provide some indication to the jury that it should apply this doctrine only if a plaintiff's alleged failure to mitigate the damages is found to have caused aggravation of the injury. Id. 19. (3) Where mitigation of damages is in the case, the defendant has the burden of proof on that issue, and the court must instruct the jury to that effect. Id., 21, 22. That case involved claim of aggravation of a pre-existing injury, but it also had abundant evidence from which the jury could have concluded that the plaintiff there did not follow recommendations of her physical therapist on a program of recommended exercises. Id., 15 and Preston v. Keith, 20 Conn. App. 565,659, 660. The plaintiff's exception to the charge at trial in Preston addressed only the alleged lack of evidence to support an instruction on the failure to mitigate damages. Id., 660, 661. Even though there was apparently no exception taken on failure to charge on the burden of proof for mitigation of damages, the Appellate Court and Supreme Court considered the issue. While this case presents similar issues, exceptions to the charge, there is a material factual difference here on the evidence presented, and its relationship to the duty to mitigate damages.
One of the plaintiff's doctors, Ronald Homza testified that CT Page 1492 the plaintiff had a pre-existing condition that kept her from improving, and he told the plaintiff during the course of his treatment that he had done everything he could for her to improve her condition even though she continued treatment. Other evidence in the case indicated that the plaintiff had degenerative disk disease in her back prior to the accident, and that at least some of her current condition resulted from it rather than injuries received in the accident. At one point in the trial there was some evidence that the plaintiff may not have followed her doctor's recommendations to perform exercises, but this was a very minor and trivial point in the evidence on injuries, the plaintiff's pre-existing condition, effectiveness of the medical treatment she did receive, any permanent injuries, and medical bills. The defendant's claim actually amounted to one of over treatment for injuries that could not be improved rather than failure to undergo treatment which would reduce any permanent injury and their impact. In the course of the charge, after making it abundantly clear that the plaintiff had the burden of proof on damages, that she could only recover for those injuries which were proximately caused by the defendant's negligence, and that the plaintiff should be awarded the reasonable cost of medical expenses for treating the injuries for which the defendant was responsible, a charge was given as requested by the defendant on the duty to mitigate damages. Following the charge requested by the defendant, the jury was instructed on the qualification, stated in Morro v. Brockett,109 Conn. 87, 92, 93, that any duty of an injured plaintiff follow advice from doctors to promote recovery is one of good faith and reasonable conduct, which is met when the injured plaintiff does what a reasonably prudent person would be expected to do under the conditions surrounding the plaintiff at the time. Relying upon Morro, the Supreme Court in Preston v. Keith, supra, stated that the foundation for the duty to mitigate damages is that the defendant's negligence is not the proximate or legal cause of any damages that could have been avoided had the plaintiff taken reasonable steps to promote recovery and avoid aggravating the original injury. The charge should indicate to the jury that the mitigation of damages concept is applied only if the plaintiff's alleged failure to mitigate is found to have caused the aggravation of the injury, Id., 19 but in the charge, after the reference to the good faith test, the jury was instructed that it could reduce damages by the sum which fully measures the amount by which plaintiff's damages were increased because of her failure to make a good faith effort perform recommended exercises if (1) the plaintiff did not act in good faith, (2) she was able to do the exercises which were prescribed for her, and (3) she failed to do CT Page 1493 them.
With the hindsight of a Monday morning quarterback, it may well have been permissible to have refused to give a charge on mitigation of damages even though requested by the defendant, and failure to give such a charge would not have been reversible error due to minimal evidence on what was, in the context of the evidence as a whole, a collateral or trivial point during the trial. However, as noted in Preston v. Keith, supra, 17 the charge is reviewed on whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law, and instructions do not have to be exhaustive, perfect or technically accurate, so long as they are correct in law, adapted to the issues and sufficient for the guidance of the jury.
The award of the jury on economic damages for an amount less than the medical bills claimed is a strong indication that the jury did not believe all of the plaintiff's treatment was causally related to the accident, and that it basically bought the defendant's over-treatment argument. Even though the charge failed to indicate the defendant had the burden of proof by a preponderance of the evidence on mitigation of damages, there was no indication that the jury ever got to this issue at all. Viewed in the context of the charge as a whole and the evidence in the case, jury could not have been misled by the statements in the charge on mitigation of damages.
In Preston v. Keith, supra, 20, Conn. App. at 659, the situation was markedly different. There "the evidence adduced at trial clearly showed that the plaintiff's recommended physical therapy included a regimen of exercises, as well as attendance at lectures regarding proper postural mechanics. The record also reflects that the jury had before it abundant evidence from which it could have concluded that the plaintiff did not fully follow her therapist's directions. Furthermore, in response to questions regarding the recommended extent of her physical therapy, the plaintiff, at one point, agreed that she was not completely complying with the therapist's recommendations." Mitigation of damages is only in the case if failure to mitigate is found to have caused the aggravation of the injury. Preston v. Keith, supra,217 Conn. at 19. Since that was not the situation here, failure to state who had the burden of proof on mitigation is irrelevant and at most harmless error. CT Page 1494
The motion to set aside the verdict is denied.
ROBERT A. FULLER, JUDGE