MARIA MOURA ET AL. *v.* JOSEPH PULIERI ET AL.
(14063)

Schaller, Spear and Cretella, Js.

Argued September 25, 1995—decision released January 30, 1996

*Richard S. Scalo,* with whom, on the brief, were *Ronald D. Japha* and *Abraham I. Gordon,* for the appellants (plaintiffs).

*Gregory P. Lynch,* with whom, on the brief, was *J. Kevin Golver,* for the appellees (defendants).

CRETELLA, J. In this negligence action, the named plaintiff, Maria Moura, sued the defendants for personal

injuries suffered as a result of an automobile accident allegedly caused by the named defendant, Joseph Pulieri.[1] Following the trial, the jury awarded the plaintiff $60,000. The plaintiff subsequently filed a motion to set aside the verdict as being inadequate. The court denied the motion and this appeal followed.

On appeal, the plaintiff first claims that the trial court's charge to the jury was erroneous because it (1) failed to address the burden of proof on the issue of mitigation of damages, (2) misstated the standard for recovery of pain and suffering and (3) did not allow the jury to consider future medical expenses or the fear of future medical treatment and disability. The plaintiff also claims that the judgment of the trial court was contrary to the evidence and does not award fair, just and reasonable compensation. We find the plaintiff's first claim to be dispositive[2] and, accordingly, reverse the judgment of the trial court.

The jury reasonably could have found the following facts. On August 8, 1986, the plaintiff was traveling north on Catherine Street in Bridgeport when her vehicle was hit by the defendant's vehicle, which was proceeding west on Frank Street and did not stop at a stop sign. After the accident, the defendant told the plaintiff and a police officer that it was his fault because he went through the stop sign. The impact of the crash caused the plaintiff to hit her head on the steering wheel and her knee on the dashboard. It also caused the defendant's car to spin around.

As a result of the accident, the plaintiff has been unable to resume working at the restaurant that she

---

[1] The plaintiff's husband, Manuel Moura, advanced a claim for loss of consortium for which the jury did not award him any damages. The plaintiffs also sued Deborah A. Mason as the owner of the vehicle driven by Pulieri. For purposes of this opinion, we will refer to Maria Moura and Joseph Pulieri as the plaintiff and the defendant respectively.

[2] In light of this conclusion, we do not consider the plaintiff's remaining claims.

owns. The plaintiff suffers from headaches and injuries to, inter alia, her neck, lower back and right knee. Since the accident, she has gained approximately 100 pounds, which she has been unable to lose. The plaintiff's physicians have indicated to her that she should lose weight. Several physicians testified that her condition is aggravated by the excess weight.

Following the jury's verdict, the plaintiff moved to set aside the verdict and to grant an additur, arguing that the damages were against the evidence and were inadequate.[3] The trial court denied this motion. According to the plaintiff, the trial court's charge to the jury constituted plain error in that it did not properly address the burden of proof on the issue of mitigation of damages. As part of this argument, the plaintiff claims that the charge on mitigation was defective in that it failed to include the instruction that the plaintiff's actions must have caused the aggravation of the injury. The plaintiff argues that the charge did not relate her alleged failure to mitigate damages to the effect of that failure on the damages incurred, but simply let the jury consider mitigation without limits on its use. The defendant argues that the court's not properly addressing the burden of proof with regard to mitigation of damages did not prejudice the plaintiff. In support of this claim, the defendant points to the fact that the jury was not instructed to reduce any award given to the plaintiff if it found that she failed to mitigate her damages. We agree with the plaintiff that the trial court's charge to the jury constituted plain error.

[3] The motion to set aside did not make reference to the plaintiff's claim on appeal that the trial court improperly failed to charge with regard to the burden of proof on mitigation of damages. We note that the Supreme Court has recently granted certification to consider whether it should reconsider its holding in *Pietrorazio* v. *Santopietro*, 185 Conn. 510, 441 A.2d 163 (1981), that the failure to raise a claim in a motion to set aside a verdict limits the court to plain error review of that claim. See *Lynch* v. *Granby Holdings*, 234 Conn. 919, 661 A.2d 98 (1995).

"This court has stated that [p]lain error is reserved for instances where the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings . . . ." (Internal quotation marks omitted.) *Holcomb* v. *Commissioner of Correction*, 39 Conn. App. 485, 488, 664 A.2d 1199 (1995). We conclude, for the reasons discussed in this opinion, that plain error review is warranted in this case.[4]

After the trial court had instructed the jury and the jury had exited the courtroom, the trial court met with counsel. Counsel for the defendant mentioned that although he had submitted a request to charge on the issue of mitigation, the trial court had not so instructed the jury. The court indicated that the omission was not intentional, and the jury was called back and given further instructions. The trial court, however, instructed only that there is a concept known as the duty to mitigate. It did not indicate who has the burden of proof on the issue.[5] Following the court's delivery

---

[4] In this regard, we note that the parties argued and briefed whether the jury charge at issue constituted plain error.

[5] The trial court instructed as follows: "There's one thing that I neglected to tell you and I didn't want you to start your deliberations without my telling you that there is a doctrine in our law with respect to damages which states that there is a duty to mitigate your damages if you can. Somebody who is injured in an accident, such as this, can't just let things go and not do anything to help one's self.

"Now there are some physicians who testified, and they alluded to the plaintiff's weight, her obesity, and said that this might impact her physical condition. That if she was able to take off her weight this might help her. Now whether she could take off her weight or not is a matter for you to determine. Those of you [who] have tried to reduce will know that. What I'm telling you is that there is this concept in our law that says there is a duty to mitigate damages.

"Now if you find that she could have helped her situation by losing all this weight that she put on, or losing any part of it, and she was told by the doctors to do this, then she should do something to help her own condition by attempting to do something to reduce her weight.

"I just—I neglected to tell you, and it's been called to my attention. And there is such a concept [as] the duty to mitigate damages and I'm telling you about it now, okay?"

of the charge, counsel for the defendant took an exception on the ground that the charge did not instruct the jury by what amount it should reduce the award of the damages if it found that the plaintiff had failed to mitigate.[6] No exception to the charge was taken by counsel for the plaintiff.

In *Preston* v. *Keith*, 217 Conn. 12, 20–21, 584 A.2d 439 (1991), the Supreme Court held for the first time that the burden of proving that the plaintiff failed to mitigate damages in a negligence case is on the defendant. The court stated that "a review of the relevant authorities reveals that [t]he burden of proving that the injured party could have avoided some or all of his or her damages universally rests on the party accused of the tortious act." (Internal quotation marks omitted.) Id., 20–21. The court continued by stating that "[t]o claim successfully that the plaintiff failed to mitigate damages, the defendant must show that the injured party failed to take reasonable action to lessen the damages; that the damages were in fact enhanced by such failure; and that the damages which could have been avoided can be measured with reasonable certainty." (Internal quotation marks omitted.) Id., 22.

The Supreme Court noted that the Appellate Court, in *Preston* v. *Keith*, 20 Conn. App. 656, 660–61, 570 A.2d

---

[6] The record reveals the following:

"[Defense Counsel]: Just briefly, Your Honor, I would except to—you gave the duty to mitigate, but I think I went farther. I don't think you encompassed the full amount of what I had requested, which was that the verdict should be if she breaches that duty to mitigate or fails to mitigate, then you should reduce any award you might give her to such a sum as you think measures the amount of which damages have increased of her failure of her duty to mitigate damages, that is to say, her failure to do her best to get better. That's almost a direct quote from—

"The Court: Yes, it is. I'm familiar with it.

"[Defense Counsel]:—*Preston* versus—

"The Court: Yes, I'm familiar with it. I'm familiar with it, but I don't think I ought to call them out again."

214 (1990), rev'd in part on other grounds, 217 Conn. 12, 584 A.2d 439 (1991), had considered the issue under the "plain error" provisions of Practice Book § 4185 and, after finding plain error, had ordered a new trial limited to the issue of damages.[7] The Supreme Court affirmed the Appellate Court's conclusion that the defendant bears the burden of proof as to mitigation.[8] In so holding, the Supreme Court noted that the trial court's failure to instruct the jury concerning which party bore the burden of proof on the issue of mitigation of damages was an independent basis for the Appellate Court's conclusion that the charge was defective. The Supreme Court also stated that the decision was "consistent with our decision in *Lane* v. *Smith*, 71 Conn. 65, 71, 41 A. 18 (1898), where we held that a new trial was required because the trial court committed plain error when it failed to instruct the jury on which party bore the burden of proof on the amount of damages."[9] *Preston* v. *Keith*, 217 Conn. 12, 23 n.12, 584 A.2d 439 (1991).

In light of the foregoing, we conclude that the trial court's failure to instruct the jury properly on the bur-

[7] In *Preston* v. *Keith*, supra, 20 Conn. App. 660–61, the plaintiff argued that the trial court had improperly failed to address "proximate cause" and the allocation of the burden of proof in its charge on the failure to mitigate damages. The defendant argued that the claim regarding the form of the instruction was not raised at trial and therefore was not reviewable. We stated, however, that "the plaintiff's failure to except specifically to the form of the instruction as a part of her general exception to the charge on the failure to mitigate damages is not fatal to her claim for appellate review. Because of the nature of the error claimed here, the erroneous instruction on the burden of proof, we review this claim under the so-called 'plain error' provisions of Practice Book § 4185." Id., 661.

[8] The Supreme Court reversed our conclusion that the jury charge on the relationship between proximate cause and mitigation of damages was improper. *Preston* v. *Keith*, supra, 217 Conn. 16–19.

[9] The defendant had argued in *Preston* that a new trial might not be required because there was no determination of the effect of the defect in the charge on the jury's award of damages. The court did not review this claim as it was beyond the grant of certification. *Preston* v. *Keith*, supra, 217 Conn. 23 n.12.

den of proof regarding mitigation of damages constitutes plain error. In so holding, we note the defendant's argument that any defect in the charge was not harmful to the plaintiff, inasmuch as the jury was not instructed to reduce the verdict if it found that the plaintiff failed to mitigate damages. We nonetheless reject the argument because it relies on speculation as to what the jury might have done. Because the trial court's charge did not address the burden of proof on the issue of mitigation of damages, the jury could not know which party bore that burden. The jury might have erroneously concluded that the plaintiff bore the burden of proof or correctly concluded that the defendant bore the burden. Such uncertainty affects the fairness and integrity of the trial as well as the public confidence in the judicial proceedings. *Holcomb* v. *Commissioner of Correction,* supra, 39 Conn. App. 488.

The judgment is reversed only as to the amount of damages awarded and the case is remanded for a new trial limited to that issue.[10]

In this opinion the other judges concurred.

---

[10] "The error here lies only with the trial court's instruction on mitigation of damages, an issue considered by the jury only after they had determined that liability did in fact exist. Because the issues of damages and liability in this case are so separate and distinct, we order limited remand." *Preston* v. *Keith,* supra, 20 Conn. App. 664 n.11.