[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF 5 MOTION TO SET ASIDE VERDICT AS TO DAMAGES ONLY AND FOR ADDITUR
On May 20, 1998, the jury returned a verdict in favor of plaintiff who claimed she was injured in a motor vehicle accident with defendant on May 23, 1994, awarding $5,000 in economic damages.
Plaintiff claims in this motion that this award is inadequate, and seeks an additur, arguing that there was uncontested evidence of out of pocket medical expenses of $16,232.33 and loss of earnings of $380, as well as evidence concurred in by the medical expert offered by each party of a permanent injury to plaintiff's cervical spine of at least 3%.
Contrary to plaintiff's claim, the proximate cause of the injuries and medical bills claimed was hotly contested, with significant questions of credibility raised at trial. Plaintiff complained of headaches, back and neck pain attributable to the accident, but many of her complaints of pain CT Page 9186 were considered "subjective" and there was evidence of prior treatment for headache complaints related to sinus and work stress as well as prior degenerate disc disease. While medical bills totaling $16,232.33 were admitted into evidence the jury was correctly instructed to award economic damages "if you find these bills were attributable, were reasonable and relate to injuries attributable to the accident of May 23, 1994." Where evidence is disputed, as it was in this case, as to the extent and proximate cause of the injuries the conclusion of the jury must stand if it is one that could reasonably be reached even though the trial court might have reached a different result.Parasco v. Aetna Casualty Surety Co., 48 Conn. App. 671, 676
(1998).
As to the testimony of the medical experts as to plaintiff's permanent injury, the jury was properly instructed that it was free to accept or reject the opinions of such experts in whole or in part and there was sufficient evidence, particularly plaintiff's early return to work, for the jury to conclude that plaintiff suffered no permanent injury or loss to her athletic abilities or other non-economic damage as a result of this accident.
Plaintiff claims further that this court improperly instructed the jury on plaintiff's duty to mitigate damages. There was sufficient evidence of failed therapy appointments and discontinuance of medical treatment after plaintiff's move to Texas to justify the inclusion of such an instruction on defendant's request. Plaintiff's claim that the court failed to adequately instruct the jury that it should apply the doctrine of mitigation of damages "only if plaintiff's alleged failure to mitigate is found to have caused the aggravation of the injury." The court's instruction that if the jury found that plaintiff failed to pursue any course of recommended treatment and "thereby her recovery is retarded or lessened" her award should be reduced, is an adequate statement of the law. Connecticut JuryInstructions (Civil) Wright Ackerman Fourth Ed. §§ 242(a) and 242(c); Preston v. Keith, 217 Conn. 12, 15-19 (1991). While plaintiff's counsel objected to inclusion of the instruction which was previewed in writing, he did not object to the language, or offer an amendment, either prior to or subsequent to the charge to the jury.
Plaintiff's reference to the court's suggested settlement figure at an earlier pre-trial conference is totally irrelevant CT Page 9187 to his present motion.
Since it cannot be said that the jury verdict has "shocked the sense of justice of the court" or was unreasonably reached, plaintiff's motion to set aside and for additur is denied.
Jerry Wagner Judge Trial Referee