[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SECOND SPECIAL DEFENSE AND COUNTERCLAIM (#122)
The plaintiff, Profitec, Inc. ("Profitec") has brought this lawsuit against defendants FKI Industries, Inc. ("FKI") and Fosdick Corporation ("Fosdick") seeking damages for unfair trade practices and breach of contract. The lawsuit arises from a commercial lease between FKI and Profitec for premises located at 26 Barnes Park North, Wallingford, Connecticut (hereinafter the "Building"). In response to Profitec's Amended Complaint dated October 15, 1999, FM has filed an Answer, Special Defense and Revised Counterclaim. In its present motion, Profitec moves to strike: (1) FKI's second special defense that asserts a failure to mitigate damages; (2) paragraphs 17 and 18 of Count One of FKI's Counterclaim that asserts a breach of lease; and (3) Count Two of the FKI's Counterclaim that asserts unjust enrichment. CT Page 14536
For the reasons set forth below, the motion to strike the second special defense (failure to mitigate damages) is denied; the motion to strike paragraphs 17 and 18 of Count One of FKI's Counterclaim (breach of lease) is granted; and the motion to strike Count Two of the Counterclaim (unjust enrichment) is also granted.
FACTS
The record in this case, including the pleadings and exhibits, allege the following facts. In January 1995, FKI leased a portion of the Building to Profitec pursuant to a sublease. The sublease had a termination date of July 14, 2002 and set an annual rent of $3.40 per square foot. In March, 1996, the original sublease was amended to lease an additional 9,452 square feet of the Building to Profitec. At the time of the amended sublease, the only other subtenant in the Building was Fosdick.
The Fosdick sublease ended on September 30, 1996 and FKI sublet Fosdick's portion of the Building to a third party who is not named in this lawsuit. After the termination of this third party's sublease in September 1998, FKI sublet the entire Building to Fosdick — including the portion occupied by Profitec. Thereafter, FKI notified Profitec that it was exercising its right to terminate the sublease in accordance to paragraph 28 of the amended sublease that permitted early termination under certain described conditions.
FKI served Profitec with a notice to quit on November 23, 1998. Profitec refused to vacate the Building. On December 14, 1998, pursuant to the terms of its new sublease for the entire premises, Fosdick, on FKI's behalf, commenced a summary process action against Profitec. Profitec did not vacate the Building and, in July 1999, Fosdick withdrew the summary process action. In December 1999, Profitec vacated the premises.
The gist of Profitec's complaint is that FKI and Fosdick conspired to force it to vacate the Building thereby causing Profitec to sustain damages.
STANDARD
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any . . . counterclaim or . . . (5) the legal sufficiency of any . . . special defense . . . the party may do so by filing a motion to strike the contested pleading or part thereof. Practice Book §10-39. CT Page 14537
For the purpose of a motion to strike, the moving party admits all facts well pleaded, RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2 (1994); but does not admit legal conclusions. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading. Id., 214-215. The court must construe the challenged pleading in favor of sustaining its legal sufficiency. Michaud v. Warwick,209 Conn. 407, 408 (1988).
DISCUSSION
A. Second Special Defense; Failure to Mitigate Damages
In its second special defense, FKI asserts:
 "To the extent Profitec has sustained legally cognizable damages, it has failed to take reasonable steps to mitigate those damages."
Profitec claims that this special defense should be stricken because mitigation of damages is not listed in Practice Book § 10-50 as an enumerated special defense. While Profitec is correct in this regard, the trend in Connecticut is to permit mitigation of damages to be raised by way of special defense.
In cases where breach of contract has been alleged, the plaintiff "clearly has a duty to exercise reasonable conduct to minimize the damages occasioned by the defendant's breach." "West Haven SoundDevelopment Corp. v. West Haven, 201 Conn. 305, 332 (1996). The defendant bears the burden of proving that the plaintiff failed to exercise reasonable care to mitigate damages. Preston v. Keith, 217 Conn. 12, 20-21
n. 9 (1991).
Although, as noted above, failure to mitigate damages is not one of the enumerated defenses listed in § 10-50, Superior Court cases have approved the use of a special defense to plead this claim. See Yale NewHaven Hospital, Inc. v. Gargiulo, 1999 Conn. Super. LEXIS 2848 Superior Court, Judicial District of New Haven at New Haven, Docket No. CV 98-0419980 (October 18, 1999) (Jones, J.) (special defense of failure to mitigate damages legally sufficient to withstand motion to strike);Buitekant v. Zotos Corporation, 1996 Conn. Super. LEXIS 440, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135874 (February 20, 1996) (Karazin, J.) (mitigation of damages is a valid special defense).
Moreover, by allowing the failure to mitigate damages to be pled as a CT Page 14538 special defense, it is clear that the defendant bears the burden of proof on this issue. See DuBose v. Carabetta, 161 Conn. 254, 262 (1971) ("Under our practice, when a defendant pleads a special defense, the burden of proof on the allegations contained therein is on the defendant. ")
The motion to strike the second special defense is denied.
B. Counterclaim, Count One: Paragraphs 17 and 18
As noted above, FKI has filed a three count counterclaim against Profitec. Count One of the Counterclaim alleges that Profitec breached its amended sublease by vacating the Building in December 1999 and leaving the Building in "shambles." Count One further asserts that Profitec is responsible for the damage to the Building as well as unpaid rent, expenses and interest. None of these claims are attacked by the motion to strike.
Paragraph 17 of Count One alleges that pursuant to the amended sublease and the notice that FKI was exercising its right to early termination, Profitec was required to vacate the premises during December 1998. It is further alleged that Profitec's failure to vacate at that time caused damages to FKI. Paragraph 18 of Count One further asserts that, pursuant to the amended sublease, Profitec was required to indemnify FKI against all expenses incurred by FKI due to Profitec's failure to vacate the Building in December 1998.
Profitec has moved to strike paragraphs 17 and 18 on the ground that, as a matter of law, FM may not seek damages for Profitec's failure to vacate upon receipt of FKI's attempt to exercise the early termination provisions of the lease. In support of this position, Profitec relies onHousing Authority of the Town of East Hartford v. Hird, 13 Conn. App. 150, cert. denied, 209 Conn. 825 (1988).
In Hird, a landlord sought to evict the defendant from rental premises by bringing a summary process action pursuant to General Statutes §47a-23. After serving a notice to quit on the defendant, the landlord subsequently withdrew the summary process action. The trial court ruled that the notice to quit, having been withdrawn, had no legal effect upon the preexisting lease between the parties. On appeal, the Appellate Court affirmed concluding that the defendant's lease survived the summary process action because of its withdrawal. The Appellate Court stated:
 "The withdrawal of the summary process action . . . effectively erased the court slate clean as though the eviction predicated on the . . . notice to quit possession had never been commenced. The plaintiff and CT Page 14539 defendant were "back to square one," and the continuation of their lease . . . was restored."
Hird, supra 157.
Applying the reasoning of Hird to this case requires that the motion to strike paragraphs 17 and 18 be granted. FKI argues that, since the amended sublease survived the summary process withdrawal, they should be able to seek damages for a breach of the lease terms. FKI's claim, however, is predicated on Profitec's failure to vacate the premises. AsHird makes clear, the withdrawal of the summary process action wiped the "slate clean" and, following the withdrawal, Profitec continued to occupy the Building under the amended sublease. Under these circumstances, their failure to vacate is not actionable.
The motion to strike paragraphs 17 and 18 of Count One of the Counterclaim is granted.
C. Counterclaim, Count Two: Unjust Enrichment
In Count Two of its Counterclaim, FKI alleges that Profitec was unjustly enriched by continuing to occupy the premises from December 1998 to December 1999. As discussed above, FM (through Fosdick) served Profitec with a notice to quit possession on or before December 13, 1998. Profitec did not actually vacate the Building until December 1999.
Whether Profitec was required to pay the fair rental value of the Building turns on the nature of the tenancy it had on and after December 13, 1998. If it can fairly be alleged that Profitec's tenancy was a tenancy at sufferance, then FKI is free to seek the reasonable value for Profitec's occupancy of the Building. "A tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his right thereto has terminated)." Welk v.Bidwell, 136 Conn. 603, 608-09 (1950).
Upon FKI's service of the notice to quit possession, Profitec's tenancy at will pursuant to the amended sublease was converted to a tenancy at sufferance. Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149,156 (1961). However, as discussed above, when FKI subsequently withdrew the summary process action the parties were "back to square one" and the continuation of their lease was restored. Housing Authority v. Hird,
supra.
Accordingly, since the lease was restored, Profitec was not a tenant at sufferance but rather was occupying the premises pursuant to the amended sublease. CT Page 14540
FKI's unjust enrichment claim is therefore legally insufficient. Their remedy is to seek damages pursuant to the amended sublease which they have done in Count One of the Counterclaim.
The motion to strike Count Two of the Counterclaim is granted.
CONCLUSION
In sum, the motion to strike the Second Special Defense is denied. The motion to strike paragraphs 17 and 18 of Count One of the Counterclaim is granted. The motion to strike Count Two of the Counterclaim is granted.
So Ordered at New Haven, Connecticut this 22nd day of November, 2000.
Devlin, J.