ERIC HOLCOMB *v.* COMMISSIONER OF
CORRECTION
(13577)

Landau, Spear and Hennessy, Js.

Argued November 30, 1994—decision released September 26, 1995

*Beth A. Hogan*, with whom, on the brief, was *Conrad Ost Seifert*, for the appellant (petitioner).

*Rita M. Shair*, assistant state's attorney, with whom, on the brief, was *John T. Redway*, state's attorney, for the appellee (respondent).

SPEAR, J. The dispositive issue in this appeal is whether it was proper for the trial court to grant the respondent's motion for summary judgment on a habeas corpus petition. The petitioner asserts that granting the motion was plain error as the rules of practice do not provide for such a motion in a habeas corpus proceeding. We agree and reverse the judgment of the trial court.

In 1987, the defendant was arrested in Indiana. A lieutenant and a patrolman from the Middletown police department went to Indiana in June of 1987 to interview the petitioner concerning a series of burglaries in Middletown. After a conference that was attended by the Middletown officers, the petitioner, the petitioner's Indiana attorney, Indiana police officers and representatives of the prosecutor's office in Indiana, the defendant signed a letter of understanding regarding the status of criminal files in Connecticut and Indiana. Thereafter, the defendant waived extradition proceedings and was returned to the state of Connecticut.

On November 29, 1988, the petitioner pleaded guilty, pursuant to the *Alford*[1] doctrine, to six counts of burglary in the third degree, one count of burglary in the first degree, one count of criminal attempt to commit robbery in the third degree, three counts of larceny in the third degree, four counts of larceny in the sixth degree and two counts of theft of a firearm. He was sentenced to a total effective term of fifteen years, execution suspended after seven years, with five years probation. The sentence was consecutive to a sentence that the petitioner was serving in Indiana. After sentencing, the petitioner was returned to Indiana. The petitioner began serving his Connecticut sentence on June 25, 1992, and filed a pro se habeas corpus petition on January 22, 1993. Thereafter, the petitioner, through counsel, filed an amended petition alleging, inter alia, ineffective assistance of counsel.

The respondent filed an answer in June, 1993. On January 5, 1994, the respondent filed a motion for summary judgment alleging that as to count one "the plea canvass and sentencing transcript demonstrate that there is no genuine issue of material fact." The respondent also alleged that counts two, three and four were legally insufficient because (1) they failed to allege "cause and prejudice," and (2) they failed to allege that the petitioner had not deliberately bypassed a direct appeal to the Appellate Court. A transcript of the plea and sentencing hearings was attached to the motion for summary judgment.

After hearing arguments, the trial court rendered summary judgment in favor of the respondent and stated in its articulation that "the court placed considerable emphasis on the plea and sentencing transcripts and carefully considered the same. Absent the plea and

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

sentencing transcripts, the court would not have granted summary judgment."

This appeal ensued and the petitioner, for the first time, raises the claim that summary judgment is improper in a habeas corpus proceeding. Although he concedes that he did not object to the summary judgment on this ground in the trial court, he asks us to review this matter as plain error.

This court has stated that "[p]lain error is reserved for instances where the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings . . . ." (Citation omitted; internal quotation marks omitted.) *Dime Savings Bank of New York* v. *Grisel*, 36 Conn. App. 313, 318, 650 A.2d 1246 (1994). This court has also stated that "[w]e will, however, in the interest of justice notice [the] plain error not brought to the court's attention." (Internal quotation marks omitted.) *State* v. *Harris*, 10 Conn. App. 217, 230, 522 A.2d 323 (1987). We conclude that plain error review is appropriate because the rules of practice do not authorize a summary judgment motion in habeas corpus cases.

The respondent asserts that summary judgment is appropriate because it is not specifically *excluded* by the rules of procedure governing habeas corpus. The respondent further asserts that because habeas corpus proceedings are civil cases, all of the motions and pleadings that are available in a civil case are available in the habeas corpus proceeding.

We note that only two pleadings are specifically provided for in habeas corpus proceedings.[2] Practice Book

---

[2] The parties advised the court at oral argument that a number of rules regarding habeas corpus were being prepared for consideration by the judges of the Superior Court. One of the proposed rules would allow summary judgment motions in habeas corpus proceedings. This lends further credence to our conclusion that, absent a rule, summary judgment is not proper in a habeas corpus proceeding.

§§ 532 and 534. Practice Book § 532 provides: "The sufficiency of the petition on which the writ was granted and the propriety of the issuance of the writ may be tested, before a return is filed, by a motion to quash. On such a motion the allegations of the petition are deemed admitted. The motion to quash is not a means by which to test the legal sufficiency of the facts alleged in a return or the answer to a return." Practice Book § 534 provides: "The applicant may file a motion to strike the return, or he may deny any of the facts set forth in it or he may reply to such return alleging any other facts that may be material to the case. Any such pleading shall be filed on or before the time set for the hearing unless the court or judge further extends the time therefor. If further pleadings are required the judge shall set the time for their filing."

There would be no need for Practice Book §§ 532 and 534 if the rules governing civil cases applied to habeas corpus proceedings. The parties would simply follow the rules that apply to civil cases generally. Furthermore, Practice Book § 534 allows further pleadings if *required* whereas a party in a civil case has a *right* to file a motion for summary judgment at any time with certain exceptions.[3]

Although the respondent correctly asserts that habeas corpus matters are civil proceedings; see *Collins* v. *York*, 159 Conn. 150, 153, 267 A.2d 668 (1970); historically, habeas corpus pleadings have developed differently from those for other civil cases. "At common law habeas corpus was a formalistic proceeding. The application played no role in framing the issues, its only purpose being to secure the issuance of the writ. . . .

---

[3] Practice Book § 379 provides in relevant part: "In any action . . . any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial."

The return, whose truth could not be contested . . . limited the proceeding to the determination of a question of law. Early on the legislature corrected this deficiency by permitting the statements in the return to be contested. . . . At that point and until fairly recently the issues on which a subsequent trial was to be held were framed by the return and the pleadings subsequent thereto. . . . In recent years the application has come to be regarded as a pleading in the nature of a complaint . . . and the return in the nature of an answer. . . . Once the issues have been joined the evidence proffered must be relevant to these issues." (Citations omitted.) *Arey* v. *Warden*, 187 Conn. 324, 331–32, 445 A.2d 916 (1982).

Prior to joining issue by the return, the respondent could have raised his claim that counts two, three and four are legally insufficient by a motion to quash pursuant to Practice Book § 532. "A motion to quash may be used to attack a writ of habeas corpus for defects appearing on the face of the writ. . . . A motion to quash is the equivalent to a [motion to strike] a complaint in a civil action and seeks to test the legal sufficiency of the allegations of the petition." (Citations omitted.) *Santiago* v. *Warden*, 27 Conn. App. 780, 784–85, 609 A.2d 1023, cert. denied, 223 Conn. 916, 614 A.2d 780 (1992). The respondent, therefore, was not without a remedy to attack the claimed insufficiency of the last three counts of the petition.

In addition to relying on the lack of authority in the rules of practice for a summary judgment motion, the petitioner argues that *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 644 A.2d 340 (1994), is dispositive.[4] In *Mercer*, the petitioner alleged ineffective assistance of both trial and appellate counsel with

---

[4] *Mercer* v. *Commissioner of Correction*, supra, 230 Conn. 88, was released after the petitioner filed his brief.

respect to the trial court's raising the issue of acquired immune deficiency syndrome with venirepersons during jury selection for his trial on the charge of felony murder. The habeas court dismissed the petition on the ground that the Supreme Court had ruled on those issues in his direct appeal and found that he had received a fair trial. This court followed the same reasoning in affirming the trial court's judgment. *Mercer* v. *Commissioner of Correction*, 31 Conn. App. 771, 626 A.2d 831 (1993). The Supreme Court reversed this court stating: "Because our affirmance was predicated on the record then before this court, the petitioner contends that he is entitled to an opportunity to present further evidence to support his claim that inadequate assistance of counsel deprived him of a fair trial. We agree." *Mercer* v. *Commissioner of Correction*, supra, 230 Conn. 92. In reversing this court, the Supreme Court stated: "Both statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claim." Id.

We do not agree that *Mercer* is dispositive. In *Mercer*, the trial court reviewed the proceedings that resulted in the conviction and concluded that the petitioner had effective assistance of counsel. This decision was rendered without giving the petitioner an opportunity to present any type of evidence in support of his claim of ineffective assistance of counsel. Here, although the trial court similarly based its decision on a review of the plea process that led to the conviction, the petitioner had the opportunity to present documentary evidence in opposition to the motion for summary judgment. He in fact did present his own affidavit.

In addition to the history of habeas corpus proceedings and the lack of a rule of practice providing for summary judgment motions in habeas corpus cases, we find further support for our decision in General Statutes § 52-470 (a), which provides: "The court or judge hear-

ing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by *hearing the testimony* and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require." (Emphasis added.) We conclude that the trial court committed plain error by deciding this case on a motion for summary judgment.

The judgment is reversed and the case is remanded with direction to dismiss the motion for summary judgment as improper.

In this opinion the other judges concurred.