[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 122)
The plaintiff, Walter Burke, filed a six-count substituted complaint on December 28, 1995. Named as defendants are Bruce and Megan Fitzgerald (the Fitzgeralds), Sara Bayles (the defendant), and Tyler D. Lynch.[1] The plaintiff, than a police officer for the town of New Canaan, alleges that while on duty on June 18, 1993, he was called to the home of the Fitzgeralds on a complaint that a loud party was being held. The party, which included the consumption of alcohol by minors, was allegedly hosted by the defendant while her parents were out of town. In the course of dispersing the many minor attendees of the party, the plaintiff and Lynch became involved in an altercation, during which the plaintiff was injured. The plaintiff alleges in count one that the Fitzgeralds were negligent in leaving the defendant home alone unsupervised, even though they knew or should have know that the defendant would host a party where alcohol would be served to minors, and where injuries could be caused to persons on the premises. Count three, also addressed to the defendant, sounds in recklessness.
On August 23, 1996, the Fitzgeralds and the defendant (collectively, the defendants) filed a motion for summary judgment as to counts one, two and three of the substituted complaint on the ground that there are no issues of material fact in dispute. The plaintiff filed an objection memorandum on October 31, 1996 and a supplemental memorandum of law in opposition on July 28, CT Page 8472 1997. The defendants filed a supplemental memorandum of law in support of the motion, dated July 25, 1997. The matter was heard at short calendar on July 28, 1997.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381." (Citation omitted; internal quotation marks omitted.) Id., 805-06. "In evaluating the propriety of a summary judgment, [the court is] confined to an examination of the pleadings and affidavits of the parties to determine whether (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law." Id., 807.
A. PROCEDURAL GROUNDS FOR DISMISSAL
The plaintiff argues that the defendants' arguments attack the legal sufficiency of counts one, two and three, and that these arguments are therefore more appropriately made in a motion to strike. The plaintiff also argues that the defendants have already filed a motion to strike counts two and three, but failed to raise an objection to the cause of action in count one based on premises liability, and so have waived their right to object to count one now. The plaintiff also relies on Practice Book § 112 for the argument that the defendants cannot make claims more appropriately raised by a motion to strike on a subsequent motion for summary judgment. To do so, the plaintiff argues, "would violate the order prescribed by the Practice Book, which mandates that motions addressed to the pleadings be filed sequentially or forfeited."
"In any action . . . any party may move for summary judgment at any time, except that the party must obtain the court's CT Page 8473 permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial." Practice Book § 379. This means that "a party in a civil case has a right to file a motion for summary judgment at any time with certain exceptions." (Emphasis in original.)Holcomb v. Commissioner of Correction, 39 Conn. App. 485, 489,664 A.2d 1199 (1995). This court therefore concludes that the defendants may move the court for summary judgment irrespective of the provisions of P.B. § 112, and the court may decide that motion on its merits. P.B. § 379.
B. NEGLIGENT SUPERVISION
The defendants argue that the plaintiff cannot sustain the burden of proof required to show that the Fitzgeralds negligently supervised the defendant, because the Fitzgeralds, as the parents of the defendant, are not vicariously liable for the torts of the defendant. The defendants also argue that the plaintiff's claim that the Fitzgeralds entrusted the defendant with a dangerous instrumentality (alcohol) must fail, because the Fitzgeralds did not supply the defendant with alcohol and had prohibited the defendant from gaining access to their home during their absence.
The plaintiff argues that sufficient facts have been alleged to show that the Fitzgeralds knew of the defendant's propensity to consume alcohol, that they provided her friends with alcohol, and that they left the defendant with a neighbor without informing the neighbor of the defendant's propensity towards consuming alcohol. The plaintiff argues that as parents, the Fitzgeralds are either independently negligent in their parental duties of supervision or vicariously liable for the torts of the defendant through General Statutes § 52-572[2] for failing to take steps to ensure the safety of their daughter and others.
"At common law, the torts of children do no impose vicarious liability upon parents qua parents, although parental liability may be created by statute . . . or by independently negligent behavior on the part of the parents." (Citations omitted.)Kaminski v. Fairfield, 216 Conn. 29, 34, 578 A.2d 1048 (1990). "It is well-established in this state that a parent at common law is not liable for [its] child's tort unless the parent either makes a dangerous instrumentality available to the child which the child is incapable of handling or the parent fails to control a child's known dangerous propensities." Blair v. Mis, Superior Court, judicial district of Waterbury, Docket No. 110197 (March CT Page 8474 10, 1995, McDonald, J.). "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity of exercising such control." Jarboe v. Edwards,26 Conn. Sup. 350, 355, 223 A.2d 402 (1966), quoting Restatement (Second) of Torts § 316.
The defendants' motion for summary judgment should be denied, because material facts remain in dispute as to whether the Fitzgeralds know of the defendant's dangerous propensities and exercised the required control over her to prevent the harm the plaintiff alleges. There is no genuine issue as to whether the Fitzgeralds supplied their house or alcohol to those in attendance at the party. Mr. Fitzgerald's affidavit states that when he and the defendant's mother left for vacation, there were two bottles of wine remained "undisturbed." (Motion For Summary Judgment, Exhibit B). Mr. Fitzgerald also attests that the house was secured and the defendant did not have a key to gain entry to the home while the Fitzgeralds were on vacation. (Motion For Summary Judgment, Exhibit B). The defendant herself testified that she and her friends gained entry to the house through a window. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit A, p. 44). The defendant also stated that she bought some of the alcohol that was served at the party and her guest brought the rest themselves. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit A, pp. 43, 46). The plaintiff, although he argues that the Fitzgeralds supplied alcohol, has submitted no documentary evidence supporting this conclusion which would raise a genuine issue of material fact.
Nevertheless, it is unknown whether the Fitzgeralds should have anticipated the party that occurred in their absence on June 18, 1993. The defendant stated in her deposition that based on a drinking and driving incident that occurred in 1992 and other "trouble," her parents were aware that she drank alcohol. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit A, pp. 74-75). Despite this history, the defendant was left at a neighbor's house, apparently with no special instructions from the Fitzgeralds to the neighbor concerning how to care for the defendant. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit CT Page 8475 A, pp. 41, 76). Therefore, whether this constitutes the exercise of the required control by the Fitzgeralds as parents over the defendant is a genuine disputed issue of material fact.
C. Premises Liability
The defendants argue that the plaintiff has failed to allege any negligent acts giving rise the premises liability, and that under the facts of this case, the plaintiff cannot support such a claim as a matter of law. The defendants argue that the plaintiff was a licensee while on the property, and thus must take the premises as he found them. The defendants argue that the Fitzgeralds did not know or have reason to know that a party would occur in their absence which could cause harm to the plaintiff, and that the plaintiff knew of the dangerous condition. The defendants also argue that the plaintiff, who has already received workers' compensation for his injuries, should not be entitled to a double recovery. The plaintiff argues that based on the Fitzgeralds' knowledge of the defendant's alcohol problems, the Fitzgeralds were reckless in leaving the defendant unsupervised, because they knew of the potential of the defendant to host a party, and therefore in effect created the condition which eventually caused the plaintiff's injury.
The plaintiff, a policeman injured in a fall while present on the Fitzgeralds' premises "in the performance of a public duty under a permission created by law," occupied a status "akin to that of a licensee," to whom the Fitzgeralds owed "no greater duty than that due a licensee." Furstein v. Hill,218 Conn. 610, 615, 590 A.2d 939 (1991). "`A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.' 2 Restatement (Second), Torts (1965) § 342, p. 210." Furstein v. Hill,
supra, 218 Conn. 624-25.
Here, the dangerous condition was the presence of intoxicated minors on the property without adult supervision. It is unknown whether the Fitzgeralds should have anticipated the potential CT Page 8476 consequences of leaving the defendant in the care of a neighbor, or whether the harm suffered by the plaintiff was a foreseeable result of leaving the defendant with a neighbor. Mr. Fitzgerald attested that the defendant "stayed at a friend's home," the residence where the party took place was "locked and secured," and there was no other access into the house. (Motion For Summary Judgment, Exhibit B). However, the alleged failure to instruct the neighbor who was caring for the defendant in the Fitzgeralds' absence raises a question of fact concerning whether the lack of instructions amounts to a failure by the Fitzgeralds to exercise reasonable care to make the condition safe. In other words, it is disputed whether any or adequate instructions from the Fitzgeralds to the neighbor informing the neighbor of the defendant's alcoholic propensities would have prevented the party that occurred on the night of the plaintiff's injury. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit A, pp. 41, 76).
Another disputed issue of fact concerns whether the plaintiff knew or had reason to know he would be injured when approaching Lynch and others at the premises. The plaintiff related in a narrative police report that he ran to the back of the house, where Lynch and some other youths were running. Upon ordering the youths to freeze, the plaintiff ordered them to place their hands above their heads so he could frisk them. The plaintiff then relates that Lynch "was becoming wild and aggressive" and that "the only way to control this individual was to restrain him in handcuffs." (Motion For Summary Judgment, Exhibit C). In his deposition, the plaintiff described how he felt Lynch was "resisting" him and how Lynch displayed "aggressive" tendencies. (Motion For Summary Judgment, Exhibit A, pp. 107-08). Lynch, on the other hand, claims he "did exactly what [the police] said. I went and put my hands up against the house." (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit B, p. 41). Lynch then turned to tell the plaintiff that he had just arrived at the scene, but was told by the plaintiff to be quiet and shoved against the house. This caused Lynch's finger to get caught in a metal gutter. Upon moving backwards towards the plaintiff to release his finger, the plaintiff threw him to the ground and cuffed him. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit B, pp. 43-44). Based upon the varying versions of the facts given, it is unknown whether Lynch was wild and aggressive or acting in compliance with the plaintiff's directives. Therefore, there is a disputed issue with regard to whether the plaintiff knew or had reason to know that CT Page 8477 he might be injured when approaching Lynch.
D. NEGLIGENT AND RECKLESS SERVICE OF ALCOHOL
The defendants argue that in order for the plaintiff to succeed on theories of negligent and/or reckless service of alcohol, the plaintiff must prove that Lynch was present at the party and that the defendant served or provided alcohol to Lynch. The defendants rely on a statement by Lynch claiming he did not receive or consume alcohol at the defendant's home, and that the alleged party was broken up before his arrival that evening. The defendants also argue that the plaintiff's injury was caused by Lynch's assault, an intervening intentional act which extinguishes any liability on the part of the defendants.[3]
The plaintiff argues that the deposition of the defendant precludes the court from granting summary judgment, as she has admitted that she hosted the party and presented the opportunity for many young people to consume alcohol. The plaintiff also argues that if the defendants choose to rely on the statements made by Lynch, material issues of fact come into dispute, and the matter becomes one of judging the credibility of witnesses. SeeSpencer v. Good Earth Restaurant Corporation, 164 Conn. 194,199, 319 A.2d 403 (1972) (summary judgment generally inappropriate where negligence and credibility of witnesses are at issue).
Whether Lynch attended the party or consumed any alcohol while at the party are disputed issues of material fact. In his deposition, the plaintiff states that he did not see Lynch at the party until he returned to the house a third time. (Motion For Summary Judgment, Exhibit A, pp. 102-03). The plaintiff's supplemental narrative police report indicates however, that the plaintiff observed Lynch during the initial response, which ended with the defendant being taken away and a no trespass order being issued, and when he returned to the house a second time. (Motion For Summary Judgment, Exhibit C). Lynch relates that he did not arrive until after the defendant was already removed from the premises and the no trespassing order was issued. (Motion For Summary Judgment, Exhibit D, p. 4; Supplemental Memorandum In Support of Motion For Summary Judgment, Request To Admit 2).[4]
He claims he was at the residence a short time before the plaintiff came onto the deck and ordered him to place his hands against the wall. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit B, p. 31). Lynch speculates that he was mistaken by the plaintiff for another youth who was CT Page 8478 at the party the entire evening. (Motion For Summary Judgment, Exhibit D, p. 6). Lynch states that he recalled no evidence of liquor at the party,[5] and that other people who had been drinking at the party told him of the prior police visits to the house. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit B, pp. 27, 33-34). Lynch states that the first time he saw the police was when they entered the deck and ordered him and the others to place their hands against the wall. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, p. 40; Supplemental Memorandum In Support of Motion For Summary Judgment, Affidavit of Omar Mysogland). Finally, Lynch states that he did not consume any alcoholic beverages that evening. (Supplemental Memorandum In Opposition To Motion For Summary Judgment, Exhibit B, p. 45; Supplemental Memorandum In Support of Motion For Summary Judgment, Request to Admit 1). Based on these conflicting versions of the events leading up to the plaintiff's injury, this court concludes that summary judgment is inappropriate on either the negligent or reckless service of alcohol counts against the defendant, since it cannot be established based on the evidence submitted whether Lynch attended the party or consumed alcohol while on the premises.
IV. CONCLUSION
Accordingly, for all of the foregoing reasons, the defendants' motion for summary judgment as to counts one, two and three is hereby denied.
MELVILLE, J.