[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PETITIONER'S MOTION FOR SUMMARY JUDGMENT NO. 109
The petitioner brings this writ of habeas corpus alleging that the respondent has improperly refused to restore his forfeited good time credits. On November 6, 1997, the petitioner filed a motion for summary judgment and a supporting memorandum of law. In his memorandum, the petitioner asserts that he was not given prior notice of the rules that caused him to lose his good time credits. The petitioner also argues that he has a liberty interest in good time credits and that the respondent has failed to restore his credits in violation of the ex post facto clause of the United States Constitution.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp. , 233 Conn. 732,751-52, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp. , supra, 233 Conn. 751.
As a preliminary matter, it should be noted that the Appellate Court of Connecticut has held that the rules of practice do not provide for a motion for summary judgment in a habeas corpus proceeding. Holcomb v. Commissioner of Correction,39 Conn. App. 485, 486, 664 A.2d 1199 (1995). Although that case involved a respondent's motion for summary judgment, the broad language of the court's holding probably applies to the facts of the present case. For the reasons set forth below, even if the merits of the petitioner's motion are considered, the motion must be denied.
The petitioner argues that he was deprived of his right to due process because he was not given prior notice of prison rules. See Moore v. Janing, 427 F. Sup. 567, 577 (1976). The petitioner, however, has not submitted any evidence to CT Page 329 substantiate this claim. "As the party moving for summary judgment, the [petitioner] is required to support [his] motion with supporting documentation, including affidavits." HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796, 653 A.2d 122 (1995). See also Gambardella v. Kaoud,38 Conn. App. 355, 358, 660 A.2d 877 (1995) ("the moving party is required to bring forward . . . evidentiary facts or substantial evidence outside the pleadings to show the absence of any material dispute"). (Internal quotation marks omitted.) The petitioner, therefore, has not met his burden.
The petitioner also contends that he has a liberty interest in good time credits. A prisoner, however, "has no liberty interest in the restoration of earned, and then forfeited, statutory good time credits." Kendall v. Warden, Superior Court, judicial district of Tolland at Somers, Docket No. 941941 (October 23, 1996, Bishop, J.). See also Northrop v. Warden, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545070 (February 26, 1997, Corrigan, J.T.R.); Peterson v. Warden, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 564702 (February 6, 1997, Corrigan, J.T.R.); Hamlett v. Warden, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 542084 January 27, 1997, Corrigan, J.); Leatherwood v. Warden, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 563139 January 17, 1997, Corrigan, J.). "The decision to restore good conduct credits is a discretionary function of the warden and/or the classification department. The commissioner of correction retains the discretion to approve or disapprove any restoration award." Howard v. Commissioner ofCorrection, 230 Conn. 17, 19 n. 3, 644 A.2d 874 (1994).
The petitioner further alleges that the respondent has implemented a new administrative directive which extends the time that the petitioner will have to wait before he can apply for the restoration of his forfeited good time credits. This new directive, the petitioner argues, contravenes the ex post facto clause. The ex post facto clause, however, applies to crimes rather than administrative directives issued by prison administrators. Abed v. Commissioner of Correction,43 Conn. App. 176, 182-83, 682 A.2d 558 (1996); Kendall v. Warden, supra, Superior Court, Docket No. 941941. "The ex post facto clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety, and efficiency." Abed v. Commissioner ofCT Page 330Correction, supra, 43 Conn. App. 183. The new directive, therefore, does not violate the ex post facto clause. SeeNorthrop v. Warden, supra, Superior Court, Docket No. 545070;Peterson v. Warden, supra, Superior Court, Docket No. 564702;Hamlett v. Warden, supra, Superior Court, Docket No. 542084;Leatherwood v. Warden, supra, Superior Court, Docket No. 563139;Kendall v. Warden, supra, Superior Court, Docket No. 941941.
In view of the foregoing, the petitioner's motion for summary judgment is denied.
Mihalakos, J.