[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on respondent's motion for summary judgment pursuant to Connecticut Practice Book § 23-21.
The summary judgment motion addresses two of the three issues presented in the petitioner's amended petition, i.e., (1) whether a change in the Department of Correction Administrative Directive requiring a lengthier waiting period before a prisoner can apply for restoration of forfeited statutory goods time credits is constitutional, and (2) whether rendering prisoners on administrative segregation status ineligible to earn statutory good time pursuant to § 18-7a is constitutional.
Respondent filed a memorandum in support of his motion. Petitioner failed to file a memorandum in opposition to the motion.
The case of Kendall v. Warden, Docket No. CV95-1941 (Bishop, J.) presented the same issues as presented by the petitioner in this case. The court in the Kendall case and in a series of other cases ruled upon by Judge Corrigan held that "an inmate has no protected liberty interest."
The petitioner also claims that his rights under the Eighth and the Fourteenth Amendments to the Constitution are somehow being violated. This claim has absolutely no merit at all. The ex post facto claim can be summarily dismissed by this court since ex post facto only applies to legislative acts and not toAdministrative Directives.
Accordingly, summary judgment as to the issues presented and briefed is hereby granted.
The court notes for the record that it wrote a memorandum of CT Page 6474 decision on January, 1998, wherein the issues presented above were discussed in greater detail in petitioner's motion for summary judgment.
The court, however, in its decision relied on Holcomb v.Commissioner of Correction, 39 Conn. App. 485, 486,664 A.2d 1199 in its determination that summary judgment is not permitted in habeas corpus petitions. Since the rule change (§ 23-21), the court obviously adopts a different posture and has decided the motion on its merits rather than on procedural grounds.
Mihalakos, J.