[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner's habeas corpus petition, which now encompasses a sole claim, alleges that the sentencing court (Mihalakos, J.) did not properly canvass him on the possession with intent to sell offense to which he pled guilty.[1] The respondent has filed a motion for summary judgment under Practice Book § 23-37 on the ground that the habeas corpus petition alleging this claim is procedurally defaulted under Johnson v.Commissioner of Correction, 218 Conn. 403, 589 A.2d 1214 (1991) andJackson v. Commissioner of Correction, 227 Conn. 124, 592 A.2d 910
(1993). Specifically, the respondent argues that the petitioner failed to raise the faulty canvass claim before the trial court or on direct appeal and that the petitioner cannot establish cause and prejudice under theWainright v. Sykes, 433 U.S. 72 (1977), standard.
In his objection to the motion for summary judgment/memorandum of law, the petitioner alleges: 1) that the motion for summary judgment is improper because the respondent failed to obtain permission, as required by Practice Book § 17-44, from the court because such permission is required after a case has been set down for trial; 2) that Johnson andJackson are not applicable to this case because those cases dealt with petitioners who were denied non-constitutional rights; 3) that the deliberate bypass standard established in Fay v. Noia, 372 U.S. 391
(1963) is applicable in this case because the faulty canvass claim raises a federal constitutional claim, entitling the petitioner to review of his claim; and 4) in greater detail, that the sentencing court did not CT Page 2391 properly canvass this petitioner on the possession with intent to sell charge.[2]
For the following reasons, the motion for summary judgment is granted.
 MOTION FOR SUMMARY JUDGMENT STANDARD
"[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Miller v. United Technologies Corp., 233 Conn. 732,752, 660 A.2d 810 (1995). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred."United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378,260 A.2d 596 (1969).
"Although the party seeking summary judgment has the burden of showing the nonexistence of material fact, . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such a dispute issue." Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-5, 707 A.2d 15 (1998).
 I
While Practice Book § 17-44 does require court permission to file a motion for summary judgment after the case has been assigned for trial,Holcomb v. Commissioner of Correction, 39 Conn. App. 485, 489 n. 3,664 A.2d 1199 (1995),[3] habeas corpus specific § 23-37 allows for a motion for summary judgment "at any time after the pleadings are closed" without the assigned-for-trial exception of § 17-44.
During the October 23, 2000 status conference, the court indicated to the parties that "[W]e'll put [this case] on the scheduling list. . . . Do you feel that since the pleadings have been closed, we'll give you the scheduling orders for the trial briefs and we'll move on[?]" (Oct. 23, 2000 Tr. at 7.) The respondent filed the motion for summary judgment on November 21, 2000. Notice was sent out on November 21, 2000 by the clerk's office regarding the hearing on that motion. On November 27, 2000, the clerk's office sent out a clarification notice advising all appearing parties that they were to be ready to proceed with a trial on the merits if the court were to deny the motion for summary judgment at the hearing. CT Page 2392
Based upon the preceding procedural history, the court finds that the respondent's motion for summary judgment was properly filed under §23-37, which simply permits any party to move for summary judgment "at any time after the pleadings are closed." The court additionally finds that even if § 17-44 were the applicable Practice Book section, the respondent's motion was nevertheless properly filed because it preceded the November 27, 2000 clarification notice, which was the first indication that the case had been assigned for trial. The petitioner's argument that the motion for summary judgment was improperly filed is untenable and without merit.
 II
In Johnson, thirty-three habeas petitioners claimed that their convictions were in violation of the 14th Amendment of the U.S. Constitution, due to the under-representation of minorities on venire and/or grand jury panels. Johnson v. Commissioner of Correction, supra,218 Conn. 406. Contrary to the petitioner's representation that Johnson
and Jackson dealt with a nonconstitutional right, these two cases quite clearly dealt with a fundamental constitutional right.[4] The petitioner's argument to the contrary is erroneous.
 III
The Supreme Court in Johnson held that the applicable "standard for reviewability in a habeas corpus proceeding of constitutional claims not adequately preserved at trial because of procedural default" should be the Wainright standard of "cause [for the failure to challenge] and [actual] prejudice" instead of the Fay v. Noia intentional bypass standard. Johnson v. Commissioner of Correction, supra, 218 Conn. 409.[5]
The cause and prejudice must be shown conjunctively. Id., at 419. This standard was extended so that the cause and prejudice standard would also "be employed to determine the reviewability of habeas claims that were not properly pursued on direct appeal." Jackson v. Commissioner ofCorrection, supra, 227 Conn. 132, The Jackson court also noted that it had "decided . . . [in Johnson] to abandon the deliberate bypass standard . . . and adopt the cause and prejudice standard as the proper standard[.]" Id., 131-132.
"[H]abeas corpus proceedings are not an additional forum for asserting claims that should properly be raised at trial or in a direct appeal."Tillman v. Commissioner of Correction, 54 Conn. App. 749, 755, 738 A.2d 208
(1999); cert. den., 251 Conn. 913, 739 A.2d 1250 (1999). Though "[h]abeas corpus is the ultimate inquiry into the fundamental fairness of a criminal proceeding[,] . . . the cause and prejudice standard applies to [trial and] appellate procedural defaults for purposes of our own habeas CT Page 2393 corpus jurisprudence[.]" Summerville v. Warden, 229 Conn. 397, 421-2,641 A.2d 1356 (1994). A very limited exception has been recognized, however, for claims of actual innocence, Id., 422, though this will only occur in "extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id., 421-2. (Quoting Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639,91 L.Ed.2d 397 (1986).)
"The scope of a habeas court's authority to furnish a remedy as justice requires is limited to the constitutional deprivation found." State v.Phidd, 42 Conn. App. 17, 30, 681 A.2d 310 (1996); cert. den.,238 Conn. 906, 670 A.2d 2 (1996); cert. den., 520 U.S. 1108,117 S.Ct. 1115, 137 L.Ed.2d 315
(1997). The alleged constitutional deprivation in this case is a defective canvass for a charge in which the imposed sentence runs concurrent to another sentence of equal length.[6] The Court finds that the canvass the petitioner received for the possession with intent to sell charge was not constitutionally defective and that the petitioner suffered no constitutional deprivation.
The petitioner in this case does not allege actual innocence. Nor has the petitioner alleged or shown any cause for not raising the faulty canvass claim either at trial or on direct appeal.[7] Additionally, the petitioner's claim that the canvass in question was faulty does not rise to the level of being constitutionally significant. This court, without addressing whether or not the petitioner might be able to show actual prejudice, finds that the petitioner's claim is procedurally defaulted for failure to allege and show a cause why the claim was not raised either at trial or on direct appeal.
 IV
The petitioner's objection to the motion for summary judgment/memorandum of law elaborates on his faulty canvass claim. Seeinfra note 2. Because of the profound significance surrounding the choice of a guilty plea, Daniel v. Commissioner of Correction, 57 Conn. App. 651,655, ___ A.2d ___ (2000); cert. den., 254 Conn. 918, ___ A.2d ___ (2000). this court briefly addresses the petitioner's claims.[8]
"A guilty plea may satisfy constitutional requirements even in the absence of literal compliance with the prophylactic safeguards of Practice Book §§ 39-19 and 39-20[.] . . . A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances." (Internal citations and quotations omitted.) Id., at 655-6. And while "the[se] Practice Book provisions were designed to reflect the principles embodied in Boykin
[mandating the requirements for a valid plea,] precise compliance with CT Page 2394 the [Practice Book] provisions is not constitutionally required." (Internal citations omitted.) State v. Badgett, 200 Conn. 412, 418,512 A.2d 160 (1986). The Badgett court focused its analysis on "whether the federal constitutional principles of Boykin were satisfied rather than on meticulous compliance with the provisions of the Practice Book."Id.[9]
"The description of the charges need not come directly from the court so long as the record reveals that the defendant understood them. If, during the plea colloquy, the state's statement or the defendant's own version of the facts sets forth all elements and conduct of the offense, admission to that conduct sufficiently establishes the defendant's understanding of the charge." Daniel v. Commissioner of Correction, supra, 57 Conn. App. 661. The petitioner here did not refute at the time he pled guilty any of the state's facts setting forth the elements and conduct of the offense. (June 12, 1996 Tr. at 15-19.) Nor can this court find any indication in the record that the petitioner has ever refuted the state's recitation of the facts subsequent to the plea colloquy.[10]
A "trial court's failure to explicate an element renders the plea invalid only where the omitted element is a critical one and only where it is not appropriate to presume that defense counsel has explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Internal citation omitted.) State v.Childree, 189 Conn. 114, 123, 454 A.2d 1274 (1983). The transcript of the sentencing clearly indicates that the petitioner received a thorough explanation from his defense counsel. Shortly before imposition of the sentence, defense counsel indicated the following to the sentencing court: "My explaining to Mr. Mourning over and over again what the evidence the State had and it was after the second time back in court that he indicated to me that he understood what the charges were, what the evidence was, exactly what the prosecution had. And that is when we came back and he agreed to take the canvass." (Aug. 7, 1996 Tr. at 25.) Defense counsel has also provided an affidavit, which was filed in support of the respondent's motion for summary judgment, that further substantiates the conclusion that the petitioner was not improperly canvassed.
Based on the foregoing, this court finds that when all the circumstances of the canvass are examined, the petitioner has failed to show that he was improperly canvassed.
 CONCLUSION
The court finds that the petitioner procedurally defaulted on his faulty canvass claim. As required by Johnson and Jackson, the petitioner CT Page 2395 failed to raise this claim either at trial or on direct appeal. The petitioner has failed to show any cause why this was not raised at trial or on direct appeal. Because cause and prejudice must both be shown, this court does not address whether or not there was also any actual prejudice.
Because of the importance of a proper canvass subsequent to a guilty plea, this court has also reviewed the record to determine whether the petitioner was properly canvassed. The thorough review of the record undertaken by this court reveals that the petitioner was not improperly canvassed. The court, therefore, finds that the petitioner cannot show that there is a genuine issue of material fact.
Consequently, the motion for summary judgment is granted. The petition for habeas corpus is denied.
BY THE COURT,
HON. DAVID M. BARRY, JTR