[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
The plaintiff, Munsur Khalif Abdullah a/k/a Lawrence Townsend, has filed this lawsuit against the defendant, Judge Trial Referee Thomas H. Corrigan, alleging on behalf of all prisoners who have had habeas corpus petitions before Judge Corrigan that the court did not have jurisdiction to hear their cases. Specifically, the plaintiff relies upon General Statutes § 52-434 and Practice Book §§ 19-3 and 44-19 in arguing that because the prisoners did not consent, the court had no authority to refer their cases to a state judge trial referee. The plaintiff requests as relief a declaratory judgment that in all cases ruled on by Judge Corrigan, the prisoners be granted release from custody and that Judge Corrigan not rule on any cases except with the written consent of the parties. The plaintiff further requests a declaratory judgment that Judge Corrigan is guilty of gross injustice and malpractice.
The defendant moves to dismiss the plaintiffs complaint on the grounds that the plaintiff lacks standing and that his claim is barred by sovereign immunity. Alternatively, the defendant moves to strike the plaintiffs complaint on the ground that the plaintiffs complaint fails to state a cognizable claim.
 I
CT Page 5436
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The issue of subject matter jurisdiction can be raised at any time." (Internal quotation marks omitted.) Gagnon v. PlanningCommission, 222 Conn. 294, 297, 608 A.2d 1181 (1992). "Once the question of lack of jurisdiction of a court is raised . . . the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. CS Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845
(1996). "The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss."Novicki v. New Haven, 47 Conn. App. 734, 739, 709 A.2d 2 (1998). The issue of standing also implicates the court's subject matter jurisdiction. In re Jonathan M., 255 Conn. 208, 217, 764 A.2d 739
(2001).
The defendant argues that the plaintiff lacks standing because the plaintiff purports to bring this suit on behalf of all persons who have appeared before the defendant during his status as a state judge trial referee. The defendant further argues that the plaintiffs complaint is barred by sovereign immunity because the defendant is a state official, and that the plaintiffs allegations fail to come within an exception to the sovereign immunity doctrine. By way of an objection to the defendant's motion, the plaintiff contends that the defendant's motion to dismiss is untimely,[1] that he has standing to bring his claim and that his complaint is not barred by sovereign immunity. The plaintiff further argues that his allegations support a statutory violation and, therefore, fall within an exception to the sovereign immunity doctrine.
 II
"[The courts] have long recognized the common-law principle that the state cannot be sued without its consent." (Internal quotation marks omitted.) Tamm v. Burns, 222 Conn. 280, 283, 610 A.2d 590 (1992). "It is a long-standing doctrine that a judge may not be civilly sued for judicial acts he undertakes in his capacity as a judge." Lombard v.Edward J. Peters, Jr., P.C., 252 Conn. 623, 630, 749 A.2d 630 (2000). "The rationale is that a judge must be free to exercise his judicial duties without fear of reprisal, annoyance or incurring personal liability." Id. "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of CT Page 5437 their duties." (Internal quotation marks omitted.) Id., 631. "[I]t is important to note that even judges do not enjoy absolute immunity for administrative as opposed to judicial actions." Id.
The essential matter at issue appears to be General Statutes §52-434, which provides in relevant part that "[t]he Superior Court may refer any civil, nonjury case or with the written consent of the parties or their attorneys, any civil jury case pending before the court in which the issues have been closed to a judge trial referee who shall have and exercise the powers of the Superior Court in respect to trial, judgment and appeal in the case." (Emphasis added.) Id.; see also Practice Book § 13-9.[2] Although the plaintiff does not specifically articulate the factual basis of his complaint against the defendant, a broad reading of the complaint suggests that the plaintiff at some point had a habeas petition before Judge Corrigan for which he claims a judge trial referee lacked jurisdiction to hear.
Although the plaintiff contends the neither he nor the other prisoners on whose behalf he claims act consented to a judge trial referee, General Statutes § 52-434, does not require the Superior Court to obtain consent from the parties or attorneys prior to referring a civil, nonjury case such as a habeas corpus petition to a judge trial referee. The courts have clearly stated that "habeas corpus matters are civil proceedings." Holcomb v. Commissioner of Correction, 39 Conn. App. 485,489, 664 A.2d 1199 (1995). Further, even if consent was required, however, the plaintiff has not alleged that he raised the issue or objected to the judge trial referee either before or during trial. "The failure to raise the issue of a referee's disqualification either before or during the trial can be construed as the functional equivalent of consent in open court." (Internal quotation marks omitted.) Bowman v.1477 Central Apartments, Inc., 203 Conn. 246, 524 A.2d 610 (1987).
In addition, since the plaintiff has failed to allege either a valid statutory or constitutional violation, his claim does not fall within an exception to the sovereign immunity doctrine. Judge Corrigan was exercising his statutory authority to hear a habeas petition as a judge trial referee pursuant to § 52-434, As previously stated, "a judge may not be civilly sued for judicial acts he undertakes in his capacity as a judge." Lombard v. Edward J. Peters, Jr., P.C., supra, 252 Conn. 630.
The plaintiff may not bring this claim against the defendant because his claim is barred by sovereign immunity. Further, the plaintiff clearly lacks standing to request on behalf of all prisoners who had cases ruled on by the defendant, that the prisoners be granted release from custody. Because the court lacks jurisdiction over the subject matter of the plaintiffs claim, the motion to dismiss is granted. CT Page 5438
Peck, J.